UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHARLES D. RIEL,

        Petitioner,

  v.

ROBERT L. AYERS, JR.,
Warden of California State
Prison at San Quentin,

        Respondent.
_____/

NO. CIV. S-01-0507 LKK/KJM

DEATH PENALTY CASE

O R D E R

Petitioner is before the court on a petition for habeas corpus, 28 U.S.C. § 2254. On February 22, 2005, petitioner moved for an evidentiary hearing on some of his claims. On April 14, 2008, the magistrate judge granted the motion in part and denied it in part. On May 22, 2008, the petitioner filed "objections" to the order and on June 6, 2008, the respondent filed an opposition to those objections.

Preliminarily, petitioner objects to the magistrate judge having issued an order resolving the motion, contending that the

magistrate judge only had the authority to issue findings and recommendations that would then be reviewed *de novo* by this court. This appears to be correct. Per statute, a magistrate judge may not rule on dispositive motions. See 28 U.S.C. § 636(b). The decision to grant an evidentiary hearing is not a dispositive motion, as it does not necessarily result in the grant or denial of relief on any of petitioner's claims. However, perhaps out of consideration for the fact that the denial of an evidentiary hearing on a claim typically results in the dismissal of the claim, the Supreme Court's Rules Governing Section 2254 and 2255 Petitions provide that it is the district court that determines whether to grant a request for an evidentiary hearing. See Rule 8(b) Governing Section 2254 and 2255 Petitions & Advisory Committee Note (observing that most petitions are dismissed if no evidentiary hearings are held).[1] If the district court determines the hearing is merited, it may refer the petition to the magistrate judge to conduct it. Id. The district court's decision whether to grant an evidentiary hearing may be informed by the recommendation of the magistrate judge. See id. The Advisory Notes reinforce this interpretation of the Rules, explaining that Rule 8(b)

> provides that a magistrate, when so empowered by rule of the district court, may recommend to the district judge that an evidentiary hearing be held or that the petition be dismissed, provided he gives the district judge a sufficiently detailed description of the facts so that the judge may decide whether or not to hold an

---

[1] The Local Rules expressly acknowledge that the Rules Governing Section 2254 and 2255 Petitions apply to capital habeas corpus petitions filed in this court. Local Rule 81-191(a).

2

evidentiary hearing.

Consequently, the court construes the magistrate judge's April 14, 2008 as findings and recommendations on the motion for an evidentiary hearing, which the court reviews *de novo*. 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the magistrate judge's recommendations, petitioner's objections thereto and respondent's response. For the most part, the court finds the magistrate judge's findings of fact and conclusions of law entirely supported by the record and by proper analysis.

One exception is that raised by petitioner regarding the evidence necessary to convict a non-killer of felony murder based on that person's involvement in the non-homicide felony. As the magistrate judge noted, the petitioner's theory, for which he presented evidence at the trial, was that petitioner slept through the robbery, kidnaping, and homicide of the victim, although he was involved with moving the body and may have been involved in a different robbery that night. He testified at trial that another man, John Osborne, had killed the victim. The degree of petitioner's participation in the robbery, kidnaping, and homicide was therefore central to petitioner's defense at the guilt phase and for the special circumstances determination.[2]

Briefly, petitioner argues that his counsel was ineffective

---

[2] The special circumstances charged were that the murder was perpetrated during a robbery and that the murder was perpetrated during a kidnaping. The jury found both special circumstances to be true.

for failing to investigate and present evidence that would tend to show that it was unlikely that he was the leader in the crimes, despite his codefendants' testimony to the contrary. Petitioner also argues that his counsel was ineffective for failing to object to physical evidence (fingerprints on a beer can and a blood smear on petitioner's clothes) and that the prosecutor unlawfully presented testimony by a sheriff's deputy about the beer can, which the prosecutor should have known was false. These comprise petitioner's claims 2, 5, 6, and 9. Petitioner objects to the magistrate judge's conclusion that an evidentiary hearing would not assist in the resolution of these claims as they relate to the guilt phase.

In assessing the prejudice for these claims, the magistrate judge relied on the felony-murder rule for triggermen, citing People v. Reynolds, 186 Cal. App. 3d 988, 994 (1986). Under that rule, the triggerman may be guilty of felony murder even if he only has the specific intent to commit the non-homicide felony. A different rule applies, however, to a defendant who is not the triggerman and is prosecuted for felony-murder. In that situation, the California Supreme Court has held, "the felony-murder rule does not apply to nonkillers where the act resulting in death is completely unrelated to the underlying felony other than occurring at the same time and place." People v. Cavitt, 33 Cal. 4th 187, 196 (2004). Instead, "there must be a logical nexus . . . between the felony and the act resulting in death before the felony-murder rule may be applied to the nonkiller." Id. The nonkiller can be found

guilty under the felony-murder rule "even if the nonkiller is not physically present at the time of the homicide, so long as the felony that the nonkiller committed or attempted to commit and the homicidal act are part of one continuous transaction." Id.

The magistrate judge did not address this nexus. She held that even if the allegedly ineffective assistance of counsel or prosecutorial misconduct had not occurred, the evidence still tended to show petitioner's "participat[ion] in the events leading up to, at the very least, a robbery" and that he was "sufficiently involved in the planning." Order, April 14, 2008 at 18; see also id. at 23, 24.

Petitioner argues that this analysis is insufficient under the Cavitt rule, particularly because there was evidence tendered at trial that petitioner may have been involved with his codefendants in an unrelated robbery attempt that may have occurred prior to the robbery, kidnaping and homicide of the victim. See Reporter's Transcript 3311-17, 5481-82. Under this theory, although petitioner may have been involved in an attempted robbery the night of the homicide, that attempt was not part of the "continuous transaction" that included the homicide nor would it establish that petitioner "committed or attempted to commit" the robbery and kidnaping that may have been a part of the continuous transaction that included the homicide. See Cavitt, 33 Cal. 4th at 196.

In this light, the Strickland[3] and Giglio[4] prejudice standards

---

[3] Under Strickland v. Washington, 466 U.S. 668, 694 (1984), ineffective assistance of counsel is grounds for relief where there

5

are not foreclosed for claims 2, 5, 6 and 9 as to the guilt phase. All of the evidence at issue in the claims -- evidence of the likelihood that petitioner was the ringleader of the robbery, kidnaping, and murder of the victim, evidence of the petitioner's fingerprint on the beer can present at the site of the robbery of the victim, and evidence of the blood splatter on the petitioner's clothes -- tended to link petitioner to the robbery or homicide of the victim. Had this evidence been more strenuously challenged by the defense or the testimony regarding the beer can not tendered by the prosecutor, the jury may reasonably have found that petitioner did not commit or attempt to commit the robbery of the truck stop nor was the triggerman in the homicide. The magistrate judge therefore erred in concluding that the evidence nevertheless showed that petitioner was somehow involved in some part of the course of events that transpired that night. Under Cavitt, the jury needed to have credited the prosecutor's theory that petitioner was the killer and had at least the mens rea to commit the underlying felony, or that he was not the killer but that he committed or attempted to commit a felony that was part of the continuous transaction that included the homicide. See Cavitt, 33 Cal. 4th at 196. Petitioner has tendered sufficient evidence to show that an

---

is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different."

[4]Under Giglio v. United States, 405 U.S. 150 (1972), the prosecution's creation of a false impression about the evidence against the defendant requires a new trial where there is a reasonable likelihood that the false impression could have affected the verdict.

6

evidentiary hearing is warranted on this aspect of his claims 2, 5, 6 and 9.

**CONCLUSION**

Accordingly, petitioner's February 22, 2005 motion for an evidentiary hearing is GRANTED IN PART AND DENIED IN PART. The matter is referred to the magistrate court to conduct an evidentiary hearing on the issues raised in claims 2, 5, 6, and 9, as they affected the guilt phase, penalty phase, and special circumstances determinations.

A ruling on petitioner's request for an evidentiary hearing on claim 39 is deferred pending resolution of the Northern District of California case <u>Morales v. Tilton</u>, Nos. C06219-JF-RS, C06926-JF-RS.

Petitioner's motion is denied in all other respects.

IT IS SO ORDERED.

DATED: March 27, 2009.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT