1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES D. RIEL,

11            Petitioner,                      No. CIV S-01-0507 LKK KJM

12        vs.                                  DEATH PENALTY CASE

13   ROBERT L. AYERS, Jr.,
      Warden of San Quentin
14     State Prison,

15            Respondent.               ORDER

16   _____/

17          On July 8, 2009, the undersigned heard argument on respondent's motions to

18   depose petitioner and to discover petitioner's CDCR records and on petitioner's motions to

19   preclude respondent's deposition of petitioner and to enjoin respondent's counsel from accessing

20   or disclosing petitioner's CDCR records.  In addition, the parties discussed with the court

21   disagreements reflected in their June 19, 2009 joint statement regarding pre-evidentiary hearing

22   scheduling.  To attempt to resolve uncertainty about the identity of the documents reviewed by

23   petitioner's experts Drs. Pettit and Froming, the court ordered petitioner to provide respondent's

24   counsel with copies of all those documents.  July 9, 2009 Order.  In addition, the court ordered

25   petitioner to propose a staggered schedule for identifying lay witnesses.  Id.  On July 17, the

26   parties submitted a second joint statement and petitioner presented a proposal for identifying lay

                                                1

1    witnesses.

2             Upon review of the motions and the documents in support and opposition, upon

3    review of the joint statements, upon hearing the arguments of counsel and good cause appearing

4    therefor, the court finds and orders as follows.

5             The court finds good cause for respondent to depose petitioner.  Petitioner's

6    claims that trial counsel was ineffective for failing to investigate and present evidence of

7    petitioner's family and medical history put at issue his conversations with trial counsel, with trial

8    counsel's investigators, and with Dr. Edwards, who provided trial counsel with a mental health

9    evaluation after interviewing and testing petitioner.  Further, the simple fact that petitioner's

10   background is at issue in the evidentiary hearing means he necessarily has both relevant

11   information and information that may lead to the discovery of relevant information.  Petitioner

12   argues that respondent has not shown good cause because petitioner does not intend to show he

13   objected to trial counsel's decision to have him testify and because the interviews of Drs. Pettit

14   and Froming with petitioner were solely for the purposes of clinical observation, not fact

15   gathering.  These arguments may go to the scope of the deposition but do not defeat the showing

16   of good cause.

17            The parties discussed briefly the issue of petitioner's Fifth Amendment right to

18   refuse to answer questions during his deposition.  If petitioner wishes to raise that issue, or any

19   other issue about the conduct of the deposition, he shall do so in writing prior to the deposition.

20   A briefing schedule is set out below.

21            With respect to respondent's request to discover petitioner's CDCR files,

22   respondent argues that he needs the files because petitioner's mental health experts have relied

23   upon them and also because "petitioner has put at issue his medical and psychological health and

24   his ability to learn and work to justify his claims for habeas relief."  Reply to Pet'r's Opp'n to

25   Resp't's Notice of Intent to Access Pet'r's CDCR File at 4.  Petitioner states that despite

26   indications in one expert report to the contrary, the experts did not in fact review copies of any

1    CDCR records.  Petitioner offered to provide respondent's counsel with copies of all documents

2    petitioner's counsel provided to the mental health experts.  Petitioner's counsel informed the

3    court in the July 17, 2009 joint statement that copies of the documents were being provided to

4    respondent's counsel "as soon as practicable."[1]

5           It should be noted that while the court's July 9 order stated: "petitioner's counsel

6    agreed to provide respondent's counsel with all documents relied upon by petitioner's experts,"

7    the "experts" referred to were those discussed during the hearing, Drs. Pettit and Froming.

8    Respondent now asks that he also be granted discovery of copies of all documents relied upon by

9    petitioner's third expert, Charles Morton.  Because the court has already approved respondent's

10   deposition of Mr. Morton, there is good cause for the discovery of those documents as well.

11          Accordingly, good cause showing, IT IS HEREBY ORDERED:

12          1.  Respondent's motion to depose petitioner is granted.  Petitioner's May 22,

13   2009 motion to preclude respondent's deposition of petitioner is denied.

14          2.  Within thirty days of the filed date of this order, petitioner shall file any brief

15   regarding the issue of petitioner's assertion of the Fifth Amendment or other objections

16   anticipated during his deposition and any proposals for the conduct of the deposition.

17   Respondent shall file any response within twenty days of the filing date of petitioner's statement.

18   Petitioner may file a reply within ten days thereafter.

19          3.  By July 24, 2009, petitioner shall provide to respondent's counsel copies of all

20   documents relied upon by Drs. Pettit and Froming.  After reviewing those documents and by July

21   31, 2009, respondent shall inform the court whether he continues to seek petitioner's entire

22   CDCR file.  After receipt of respondent's statement, the court will resolve any motion to obtain

23

24          [1]  Just when the documents will be provided is confusing.  Petitioner's counsel stated that
     he mailed the documents to the Federal Defender's Office on July 9, but that the documents were
25   not delivered there until eight days later, July 17, and that it will take five days to scan and
     deliver copies to respondent.  Assuming those dates are correct, then petitioner should have the
26   documents to respondent no later than July 24.

1    petitioner's CDCR files that remains pending, and petitioner's motion to enjoin respondent from

2    doing so.  At that time the court will also finalize a pre-evidentiary hearing schedule.

3                    4.  Within thirty days of the filed date of this order, petitioner's counsel shall

4    provide to respondent's counsel copies of all documents relied upon by expert Charles Morton.

5    DATED:  July 21, 2009.

6

7

8    U.S. MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
     riel pre evi disc.or
26