IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES D. RIEL,

    Petitioner,               No. CIV S-01-0507 LKK KJM

    vs.                          DEATH PENALTY CASE

ROBERT L. AYERS, Jr.,
Warden of San Quentin
State Prison,

    Respondent.           <u>ORDER</u>

_____/

        Petitioner's motion for a supplemental protective order came on for hearing August 5, 2009 before the undersigned. Joan Fisher appeared for petitioner. Bob Bacon participated telephonically for petitioner. Paul Bernardino and Heather Gimle appeared for respondent. Petitioner seeks a supplemental protective order for documents to be produced from his trial counsel's files. Petitioner has provided a proposed order. Respondent accepts many aspects of the proposed protective order but objects primarily to the requirement that he provide petitioner's counsel with a recording of any interview he conducts with members of petitioner's trial defense team. Respondent provided a redlined version of petitioner's proposed order and on August 4, 2009 filed an amended, redlined version.

/////

1

1  After considering the parties' submissions and arguments made during the August
2  5 hearing, and good cause appearing, the undersigned finds the protective order set forth below
3  appropriate at this time for documents and information produced to respondent from petitioner's
4  trial counsel's files.  Recognizing that respondent may have a work product interest in questions
5  asked during his counsel's interviews with members of petitioner's trial defense team,
6  respondent will be permitted to submit an in camera request to protect specific portions of his
7  counsel's interviews.  Further, petitioner shall use the recordings of respondent's counsel's
8  interviews of the trial defense team only for purposes of protecting his attorney/client privilege.
9  Petitioner may not use those interviews for the purpose of questioning trial defense team
10 members or any other individuals during any interviews or depositions or during the evidentiary
11 hearing.
12  With respect to other issues raised by respondent regarding petitioner's proposed
13 supplemental protective order:
14  1. In paragraph 4(c), petitioner originally objected to respondent's suggestion that
15 he be permitted to show documents from trial counsel's files to members of the trial defense
16 team or other deposition witnesses prior to an interview or deposition.  However, petitioner's
17 counsel agreed during the hearing that such a procedure would be acceptable because all persons
18 to be shown documents as proposed will be deposed, and petitioner's counsel would receive
19 notice of the depositions.
20  2. In paragraph 4(d), respondent has proposed changing petitioner's language to
21 allow respondent's counsel to show "summaries" rather than "transcripts" of interviews to
22 refresh recollection.  Petitioner objected to showing witnesses anything besides a transcript of
23 their testimony or interviews or a document prepared or affirmed by the witness.  Given the rest
24 of the wording in this paragraph, the court agrees.  Paragraph 4(d) will permit the use of those
25 sorts of primary documents to refresh an individual's "prior recorded recollection."
26 /////

1      3.  Respondent sought an exception to the requirement that he obtain
2 authorization before showing documents from trial counsel's files to any expert.  Petitioner
3 argued that respondent may seek a stipulation before initiating proceedings for court
4 authorization.  The parties discussed whether it would be possible to stipulate to a list of
5 witnesses to whom respondent may show documents.  However, petitioner argued that
6 respondent should have to describe which documents he wants to show to which witnesses.
7 Because the parties are not able to stipulate at this time, and because the prior authorization
8 provision protects petitioner's attorney/client privilege interests, the court finds paragraph 4(e)
9 should remain as drafted by petitioner.  It is worth noting that paragraph 4(e) is essentially
10 identical to paragraphs in protective orders issued by this court in other cases.  See Frye v. Ayers,
11 CIV S-99-0628 LKK KJM (Order issued April 4, 2008); Osband v. Ornoski, CIV S-97-0152
12 WBS KJM (Revised Protective Order issued June 14, 2006).  In addition, because any individual
13 to whom respondent shows any document from trial counsel's files will be required to sign a
14 statement obligating him or her to comply with this protective order, respondent need not specify
15 exactly which documents he intends to show to that individual.  Instead, respondent may request
16 authorization to show categories of documents to the individual.

17      The parties are reminded that this protective order governs the discovered
18 materials and information for purposes of preparing for the evidentiary hearing. This protective
19 order does not govern the conduct of the evidentiary hearing or the briefing or orders thereafter.
20 Issues related to the hearing will be addressed when the court rules on respondent's July 20, 2009
21 motion for an open and public evidentiary hearing.

22                              DISCOVERY PHASE PROTECTIVE ORDER
23      This Supplemental Protective Order is in conjunction with and supplemental to
24 the Protective Order entered in this matter on November 24, 2003 [Dkt. 128], which Order
25 remains in full force and effect.
26 /////

1. All documents produced to respondent pursuant to respondent's request to discover petitioner's trial counsel's files, and including the files of agents of trial counsel made in the course of trial counsel's representation of petitioner whether or not said files were kept in conjunction with trial counsel's files, and including the files of trial counsel's mental health expert, Dr. Edwards (hereinafter "trial defense team's files"), shall be deemed to be confidential. These documents may be used only by counsel for the State and persons working under their direct supervision (including investigating agents and expert consultants) in connection with these habeas proceedings and may be used only for purposes of any proceedings incident to the petition for writ of habeas corpus pending before this court. Disclosure of the contents of the documents and the documents themselves may not be made to any other persons or agencies, including any law enforcement or prosecutorial personnel or agencies, without an order from this court. This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of petitioner's criminal case.

2. This Supplemental Protective Order does not apply to documents or information obtained from sources independent of petitioner's trial defense team's files previously made public even if that information also is contained in petitioner's trial counsel's files.

3. Each page of the materials produced to respondent from trial counsel's files shall be marked with consecutive page numbers in the lower right hand corner or some other consistent location so that every page can be identified by a distinct number.

4. For purposes of preparing for the evidentiary hearing,

    (a) Respondent may take the deposition of petitioner's trial counsel and/or any member of the trial defense team;

    (b) Alternatively, respondent may conduct interviews with petitioner's trial counsel and/or any member of the trial defense team subject to the attorney-client privilege

provided that the entire interview is tape- or video-recorded and the recording served on petitioner at least two (2) weeks prior to the evidentiary hearing and lodged with the court under seal at the time of the evidentiary hearing;

(c) At or in preparation for such deposition or recorded interview, respondent may show documents contained in trial counsel's file to the trial attorney or any member of the trial defense team who is being deposed or interviewed, or any other deposition witness;

(d) Respondent may show transcripts of interviews or depositions to the individual who was the subject of the interview or deposition and may show declarations or other documents authored or affirmed by an individual to that individual for the purpose of refreshing the individual's prior recorded recollection;

(e) Except as provided in paragraphs 4(c) and 4(d), respondent shall not show any documents from trial counsel's files to any individual without prior authorization of the court on motion subject to ten (10) days' notice filed and served on counsel for petitioner. Petitioner may file and serve opposition, if any, five (5) days after service of the motion. Any reply by respondent may be filed and served two (2) days after service of any opposition. The parties agree that the court may issue an order on motion without the necessity of a hearing. Any request to file all or part of a motion or opposition under seal shall be made pursuant to the local rules.

(f) Copies of any written communication or correspondence between trial counsel or any member of the trial defense team and respondent shall be served on petitioner at least two (2) weeks prior to the evidentiary hearing and lodged with the court under seal at the time of the evidentiary hearing.

The only pre-hearing communications between trial counsel or any member of the trial defense team and respondent regarding the trial representation of petitioner shall be those described in this paragraph 4. As with all documents produced to respondent, the transcripts of depositions and/or recordings of interviews, the information contained therein, or derived therefrom shall be sequestered in the manner described in paragraph 1 above.

1  5. Respondent shall ensure that any person, other than counsel directly involved in this case, to whom respondent reveals information covered by this Supplemental Protective Order is given a copy of this Supplemental Protective Order and signs a statement that he or she has read and understands his or her obligations with respect to this protective order. Respondent shall retain these signed statements.

DATED:  August 12, 2009.

_____
U.S. MAGISTRATE JUDGE

riel supp prot.or