IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES D. RIEL,

      Petitioner,             No. CIV S-01-0507 LKK KJM

      vs.                           DEATH PENALTY CASE

ROBERT L. AYERS, Jr.,
Warden of San Quentin
State Prison,

      Respondent.           ORDER

_____/

        On October 14, 2009, the undersigned heard argument on respondent's motion for an open evidentiary hearing. Paul Bernardino and Heather Gimle appeared for respondent. Robert Bacon and Joan Fisher appeared for petitioner. As the court informed the parties previously, it presently intends to apply the tests for closing the evidentiary hearing set out in the June 13, 2008 and Jan. 30, 2009 Orders in <u>Osband v. Ayers</u>, CIV S 97-0152 WBS KJM. In addition, the parties were informed that every attempt will be made to resolve the sealing issues in advance of the evidentiary hearing in order to limit as tightly as possible any portion of the hearing that may need to be sealed. The court gave any party who wished to challenge the <u>Osband</u> tests or procedures an opportunity to brief the issues. Respondent chose to do so.

/////

1

1    Respondent appears to agree with the applicable underlying law as set out in
2 Osband and that the issue of what should be sealed should be resolved prior to the hearing.
3 Respondent's only apparent objection to the court's proposals is the test to be applied.
4 Respondent proposes that petitioner must make the following showing to justify closing the
5 evidentiary hearing and sealing the transcript:

6    (1) that any closure serves a compelling interest;

7    (2) that a substantial probability exists that the interest would be harmed (i.e., showing (I) the relevance of the particular
8    information he seeks to seal to an issue that may be raised on a retrial; (ii) the likelihood the issue would even be raised in any
9    retrial; and (iii) the actual prejudice he could suffer should the particular information be revealed); and
10
    (3) no less restrictive alternative to closure is available.
11

12 Resp't's Sept. 2, 2009 Reply to Pet'r's Response to Mot. at 2-3.

13    Petitioner stated he agrees with the test set out in Osband and believes the closure
14 issue should be resolved prior to the hearing. However, petitioner noted it is premature to
15 resolve the issue now. The court agrees that the best time to resolve the issue is after petitioner's
16 trial counsel have been deposed, because petitioner will then have a better idea how they might
17 testify.

18    Petitioner has not addressed in any substantive manner the test proposed by
19 respondent. Upon reflection, petitioner's silence raises a particular concern because the test
20 created in Osband dealt only with the petitioner's assertions of attorney/client privilege and work
21 product protection. Petitioner here argues he may also assert a Fifth Amendment privilege. It is
22 not clear to the court whether the test applied in Osband, or the revised test proposed by
23 respondent, would apply equally to information protected by the Fifth Amendment. The court
24 therefore requires the parties to fully brief this issue to establish the standard petitioner must meet
25 before resolving just what portions of the hearing should be closed.
26 /////

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED:

1. Within fourteen days of the filed date of this order, petitioner shall file a memorandum of points and authorities addressing the question of what test or tests should be applied to determine whether or not portions of the evidentiary hearing shall be closed.  Within fourteen days of the filing of petitioner's brief, respondent shall file a response.  Within five days thereafter, petitioner may file a reply.

2. During the hearing, respondent raised an apparent dispute regarding the discovery of materials from petitioner's experts.  Respondent's counsel was advised to meet and confer with petitioner's counsel and, if necessary, file a discovery motion.  The court expects any disputes regarding discovery to be brought to the court's attention as quickly as possible to avoid unnecessarily modifying the schedule currently set for evidentiary hearing.

DATED: October 19, 2009.

_____
U.S. MAGISTRATE JUDGE

riel open evi hrg.or

3