UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHARLES D. RIEL,

        NO. CIV. S-01-0507 LKK/KJM

    Petitioner,        DEATH PENALTY CASE

   v.

ROBERT L. AYERS, JR.,       O R D E R
Warden of California State
Prison at San Quentin,

    Respondent.
_____/

       Petitioner is before the court on a petition for habeas corpus, 28 U.S.C. § 2254. On April 14, 2008, the magistrate judge issued an order granting in part and denying in part petitioner's motion for an evidentiary hearing. On March 27, 2009, this court construed the magistrate judge's order as findings and recommendations, and issued an order granting in part and denying in part petitioner's motion. This court held that petitioner was entitled to an evidentiary hearing on an additional theory of relief, which is encompassed by four of petitioner's claims. On July 22, 2009, the magistrate judge granted respondent's motion to

depose petitioner as part of the evidentiary hearing. Petitioner filed a motion for reconsideration of this order. For the reasons stated below, petitioner's motion is denied.

Petitioner's theory of recovery that is relevant to this motion concerns the evidence necessary to convict a non-killer of felony murder based on that person's involvement. Particularly, petitioner argued at trial that he slept through the robbery, kidnaping, and homicide of the victim, although he was involved with moving the body and may have been involved in a different robbery that night. Pursuant to this court's March 27, 2009 order, petitioner is entitled to an evidentiary hearing as to whether (1) petitioner's trial counsel was ineffective for failing to investigate and present evidence that would tend to show that it was unlikely that he was the leader in the crimes, despite his codefendants' testimony to the contrary; (2) petitioner's trial counsel was ineffective for failing to object to physical evidence (fingerprints on a beer can and a blood smear on petitioner's clothes); and (3) the prosecutor unlawfully presented testimony by a sheriff's deputy about the beer can, which the prosecutor should have known was false. Petitioner is entitled to an evidentiary hearing insofar as they effect the guilt phase, the penalty phase, and the special circumstances determinations.

Respondent moved to depose petitioner, and petitioner filed a motion to preclude his deposition. On July 22, 2009, the magistrate judge issued an order granting respondent's motion and denying petitioner's motion, Doc. 252. This order found good cause

to depose petitioner. The magistrate judge further set forth a briefing schedule through which petitioner could file a brief concerning his "assertion of the Fifth Amendment or other objections anticipated during his deposition and any proposals for the conduct of the deposition." Because petitioner filed a motion to reconsider the July 22, 2009 order, the briefing of these issues has yet to occur. Pursuant to Fed. Civ. P. 72(a) and E.D. Local Rule 303(f), a magistrate judge's nondispostive orders shall be upheld unless clearly erroneous or contrary to law. Because the magistrate judge has not issued an order concerning petitioner's objections to his deposition or to the scope of his deposition, the court does not decide these questions.

Parties to habeas petitions are not "entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rather, "[a] judge may, for good cause, authorize a party [to an action under 28 U.S.C. § 2254] to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule Governing § 2254 Cases 6(a). The Ninth Circuit has held that discovery is proper where essential to resolution of a claim. Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997).

Here, the magistrate judge found good cause for respondent to depose petitioner because (1) "[p]etitioner's claims that trial counsel was ineffective for failing to investigate and present evidence of petitioner's family and medical history put at issue his conversations with trial counsel, with trial counsel's

investigators, and with Dr. Edwards, who provided trial counsel with a mental health evaluation after interviewing and testing petitioner;" and (2) "the simple fact that petitioner's background is at issue in the evidentiary hearing means he necessarily has both relevant information and information that may lead to the discovery of relevant information." Magistrate Order, Doc. 252, at 2. Respondent argues in its opposition to petitioner's motion to reconsider that it has good cause to depose petitioner because "[p]etitioner will present evidence, in part, that his trial counsel failed to investigate that Mr. Riel was unlikely the leader in order to impeach his co-conspirator's testimony . . . and counsel's failure to give background information of Mr. Riel to his trial mental health expert (Dr. Daniel Edwards)." Opposition at 6.

    Petitioner argues that while his deposition may produce relevant evidence to his claims, the magistrate judge's order was clearly erroneous in holding that respondent has demonstrated good cause for such discovery. The court is not persuaded that the magistrate judge's order was clearly erroneous. It is not clearly erroneous to hold that respondent has good cause to depose petitioner because his testimony may prove essential in defeating petitioner's claims concerning ineffective assistance of counsel. For example, respondent may be able to obtain evidence that petitioner's trial counsel did investigate his personal and medical history. The remaining arguments raised in petitioner's motion to reconsider concern matters for which the magistrate judge has not yet issued an order. These include the scope of petitioner's

deposition as well as constitutional objections to the deposition. Accordingly, the court does not make any decision as to petitioner's remaining objections to the deposition.

For the foregoing reasons, petitioner's motion for reconsideration, Doc. No. 262, is DENIED.

IT IS SO ORDERED.

DATED: February 11, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5