IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES D. RIEL,

    Petitioner,          No. CIV S-01-0507 LKK KJM

    vs.                   DEATH PENALTY CASE

ROBERT L. AYERS, Jr.,
Warden of San Quentin
State Prison,

    Respondent.       <u>ORDER</u>

_____/

        Respondent's motion to conduct a mental examination of petitioner came on for hearing February 10, 2010. Tivon Schardl, Robert Bacon and Joan Fisher appeared for petitioner. Paul Bernardino appeared for respondent. After reviewing the parties' briefs,[1] and considering the arguments of counsel, the court finds respondent's motion insufficient to justify ordering a mental examination at this time.

/////

---

[1] Less than an hour before the time scheduled for the hearing on this motion, petitioner filed on the court's electronic docket a "Surrebuttal to the State's Reply" and a supplemental declaration of Dr. Miora. Petitioner did not seek leave to file these documents, let alone provide the court with courtesy copies at the beginning of the hearing. Local Rule 230 does not provide for the filing of a surrebuttal. These documents are thus disregarded.

1

One reason for the insufficiency is respondent's lack of the information necessary to determine just what his mental health expert Dr. Dunn will need to do to rebut the findings of petitioner's mental health experts. The parties seem to disagree about the effect of prior orders of this court regarding respondent's discovery of documents from petitioner's mental health experts. Respondent's counsel stated that petitioner was required to provide respondent with all documents relied upon by petitioner's experts. Petitioner's counsel described the requirement as one to provide only those documents petitioner's counsel had provided to his experts. In light of this disagreement, it is worth reviewing the background of respondent's discovery attempts.

In a July 9, 2009 order, the undersigned stated that petitioner's counsel had "agreed to provide respondent's counsel with all documents relied upon by petitioner's experts." In a July 17 joint statement petitioner's counsel described a schedule to provide respondent with the documents petitioner's counsel had given to Drs. Froming and Pettis. Respondent's counsel made clear, however, that the agreement, and the court's order, was to turn over all documents relied upon by petitioner's experts. In a July 22 order, the undersigned reiterated the prior order that "petitioner shall provide to respondent's counsel copies of all documents relied upon by Drs. Pettis and Froming." The July 22 order required petitioner to provide those documents by July 24. In a July 31, 2009 statement regarding respondent's request to access petitioner's CDCR files, respondent stated that he had not received all documents as required by the court's prior orders. In a footnote respondent stated: "Respondent requests Petitioner's counsel to provide all documents relied upon by their experts (e.g., notes, test results) in the possession of the experts (Dr. Pettis and Dr. Froming) themselves to fully comply with this court's order."

This court's prior orders directed petitioner to provide respondent with all documents relied upon by Drs. Pettis and Froming. Petitioner has not done so. It should be noted here that during the hearing, petitioner's counsel stated he is withdrawing Dr. Pettis as a

witness. Therefore, at this point, the issue regarding this discovery involves only Dr. Froming.[2] For the first time, petitioner raises an argument that for ethical reasons Dr. Froming may only provide her test data to another mental health specialist.[3] This court has already ordered production of all documents relied upon by Dr. Froming, which necessarily includes her test data. There is no reason before the court for respondent not to review that data. If a protective order is necessary, and this discovery does not fall within the purview of prior protective orders, the parties may propose one for the court's consideration.

While the court is concerned that respondent's counsel did not do enough to bring to the court's attention petitioner's noncompliance with the prior orders, the court is more concerned that petitioner's counsel repeatedly failed to provide the documents as ordered. Accordingly, the court finds good cause for the immediate production of all documents relied upon by Dr. Froming in rendering her opinions in this case.

With respect to respondent's motion for a mental examination, the court finds respondent has failed to provide sufficient detail to meet the standards of Federal Rule of Civil Procedure 35. Rule 35 provides:

> The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

---

[2] At hearing, respondent's counsel also asked that the July 2009 order be extended to Dr. Stewart, who was identified as an expert witness for petitioner only recently. Under the current schedule, petitioner need not provide Dr. Stewart's report and underlying data until April 6, 2010. Jan. 22, 2010 Order at 2. Because Dr. Stewart has only recently been identified as an expert and because, unlike Dr. Froming, petitioner has not filed any report by Dr. Stewart, the court finds no reason to apply the prior ruling on the discovery of expert's documents to an expert who was not at that time identified.

[3] Petitioner's counsel introduced this argument during the hearing by referring to the argument made in their "papers." Petitioner's counsel did not mention that the first time the argument was made in writing was in the surrebuttal filed shortly before the hearing which, as noted above, this court does not consider.

A motion seeking an examination under Rule 35 must show "good cause" and must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). The Supreme Court has held that mental examinations "are only to be ordered upon a discriminating application by the district judge of the limitations prescribed by the Rule." Schlagenhauf v. Holder, 379 U.S. 104, 122 (1964). Respondent has failed to show with specificity what aspects of Dr. Froming's findings his expert seeks to rebut, how the testing proposed will rebut Dr. Froming's findings, how long the testing would take, and how the results of the proposed testing would be relevant to petitioner's evidentiary hearing claims.[4]

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. By March 6, 2010, petitioner shall hand-deliver to respondent's counsel copies of all documents relied upon by Dr. Froming in this case. In light of the court's prior orders, the March 6 deadline provides more than sufficient time for the production of these documents, including the approval of any additional protective order. Absent truly extraordinary circumstances and advance request, no extensions of time will be granted. Petitioner's failure to provide the documents on time may result in sanctions, which could include barring Dr. Froming's testimony.

2. Respondent's January 13, 2010 Motion to Compel Mental Examination is denied without prejudice. If respondent seeks to renew this motion, the court will consider a request that the motion be heard on shortened time. Respondent should seek a stipulation from opposing counsel before making his request for shortened time. Respondent need not comply with the affidavit requirements of Local Rule 144(e) to seek shortened time.

---

[4] Respondent is reminded that every statement made by Dr. Froming is not necessarily a statement relevant to petitioner's evidentiary hearing claims. Further, respondent should, if necessary, address the issues of the relevance to petitioner's claims of both using current testing methods and measuring petitioner's current mental status.

3. Dr. Pettis is stricken as a witness for petitioner, from petitioner's November 20, 2009 witness list.

DATED: February 16, 2010.

_____
U.S. MAGISTRATE JUDGE

riel mtn mental exam.or1