IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES D. RIEL,

    Petitioner,   No. CIV S-01-0507 LKK KJM

    vs.   DEATH PENALTY CASE

ROBERT L. AYERS, Jr.,
Warden of San Quentin
State Prison,

    Respondent.   ORDER
_____/

On February 17, 2010, the court ordered petitioner to provide to respondent "all documents relied upon by Dr. Froming in this case." (Docket No. 308.) Petitioner seeks an order protecting from public disclosure all neuropsychological testing materials provided to respondent.[1] Petitioner relies largely on the Ethics Code of the American Psychological

/////
/////

---

[1] After some argument and apparent confusion regarding just what petitioner sought to protect, petitioner proposed an order with his reply brief that would protect only testing materials (as distinguished from testing data or results) from disclosure to the public. Mar. 23, 2010 Reply (Docket No. 322). The parties stipulated, and this court ordered, vacating the hearing on petitioner's motion and submitting the matter on the papers.

1

Association ("APA"). With respect to the distribution of testing materials, the Code provides:

> The term test materials refers to manuals, instruments, protocols, and test questions or stimuli and does not include test data as defined in Standard 9.04, Release of Test Data. Psychologists make reasonable efforts to maintain the integrity and security of test materials and other assessment techniques consistent with law and contractual obligations, and in a manner that permits adherence to this Ethics Code.

APA's Ethical Principles of Psychologists and Code of Conduct, Standard 9.11 (2002).[2]

Many of respondent's arguments are not applicable to the revised protective order proposed by petitioner in his reply. Respondent does contend that petitioner lacks legal support to protect testing materials from public disclosure. However, the cases respondent cites in his brief support a limited protective order consistent with the one petitioner now seeks. In Taylor v. Erna, No. 08-10534-DPW, 2009 WL 2425839 at *3 (D. Mass. Aug. 3, 2009), the court resolved the tension between a party's need for discovery of psychological testing materials and the expert's ethical concerns by adopting a "non-disclosure protective order." Similarly, in Frazier v. Board of County Commissioners, No. 08-cv-02730-WYD-BNB, 2010 WL 447785 at *3 (D. Colo. Feb. 3, 2010), the court recognized the importance of a protective order to protect the "trade secrets" of the psychological tests used by a party's expert.[3] The court in Frazier indicated that the protective order limited "the disclosure of confidential information to only persons involved in the litigation and for use only in connection with the litigation." 2010 WL 447785 at *4. The court finds this language, which is similar to language used in prior protective orders issued in this case, to be more appropriate than petitioner's attempt to limit access to only respondent's counsel and a "qualified mental health professional." See Nov. 24, 2003 Prot. Order at 3:8-10 (Docket No. 128); Aug. 13, 2009 Supp. Prot. Order at 4:6-9 (Docket No. 263).

---

[2] At the time this order is being signed, this standard is available via the internet. See http://www.apa.org/ethics/code/index.aspx#911.

[3] Respondent also relies upon a decision of this court. The issue in that case involved the raw test data rather than the testing materials used by the expert. Tibbs v. Adams, No. CIV S 05-2334 LKK KJM, 2008 WL 2633233, at *1-3 (E.D. Cal. June 25, 2008).

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Petitioner's March 2, 2010 Motion for Protective Order is granted in part.

2. The following protective order shall apply to all neuropsychological testing materials ("testing materials") – defined as manuals, instruments, protocols, or test questions or stimuli – that have been or will be produced by petitioner to respondent's counsel. Respondent's counsel may not disclose these testing materials to anyone besides persons working under the direct supervision of respondent's counsel, including respondent's mental health expert(s). Counsel wishing to file any document containing or consisting of information revealing the contents of the testing materials shall seek court approval in advance to file the document publicly but with confidential information redacted, and with an unredacted corresponding version of the same document filed under seal. See Local Rules 140, 141. None of the testing materials shall be used in any way or for any purpose except in connection with the litigation of the claims presented in the petition for writ of habeas corpus pending before this court.

3. This protective order governs only the parties' filings. It does not predetermine the status of the testing materials during any evidentiary hearing testimony or in dispositions of this court.

DATED: April 12, 2010.

_____
U.S. MAGISTRATE JUDGE

riel exp prot.or