IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES D. RIEL,

    Petitioner,

vs.

ROBERT L. AYERS, Jr.,
Warden of San Quentin
State Prison,

    Respondent.

No. CIV S-01-0507 LKK KJM

DEATH PENALTY CASE

ORDER

I. Procedural Background

In an April 6, 2009 order setting a status conference to discuss preparation for the evidentiary hearing, the court instructed the parties as follows:

> Prior to the status conference, counsel shall review the court's June 13, 2008 and January 30, 2009 orders in Osband v. Ayers, CIV S 97-0152 WBS KJM, regarding the standards for determining what, if any, portions of the evidentiary hearing, including the transcript and exhibits, should be sealed. At the status conference, counsel shall be prepared to discuss procedures and a schedule for preparing for and conducting an evidentiary hearing.

At the April 22, 2009 status conference, the court informed the parties it intended to apply the standard for closing portions of the evidentiary hearing set out in the June 13, 2008 and January

/////

1

1  30, 2009 orders in Osband v. Ayers, CIV S 97-0152 WBS KJM.  The court then required the
2  parties to file a joint statement that would, among other things,

> inform the court whether either party wishes to propose an alternative to the procedure for sealing portions of the evidentiary hearing set out in the court's June 13, 2008 and January 30, 2009 orders in Osband v. Ayers, CIV S 97-0152 WBS KJM, and if so suggest a briefing schedule for doing so.

Apr. 29, 2009 Order at 3.  On July 20, 2009, respondent filed a "Motion for Open and Public Access to the Entire Evidentiary Hearing."  While the title indicated that respondent sought a court order that no portions of the evidentiary hearing would be closed, the test for closure proposed by respondent was similar in many ways to the test set out in Osband.  However, respondent never attempted to distinguish his proposed test from the Osband test.

Because the court found prior briefing inadequate, the parties were ordered to submit additional briefing on the issue of the standard petitioner must meet if he seeks closure of portions of the evidentiary hearing.[1]  Oct. 20, 2009 Order at 2-3.  The parties were also instructed to consider whether petitioner's possible assertion of the Fifth Amendment privilege should change the standard.

New briefing has been submitted but does not particularly clarify the parties' positions with respect to the standard to be used.  The parties do agree that any assertion of the Fifth Amendment privilege is not relevant to the standard to be used for closing the hearing.

II.  Osband Standard Compared To Respondent's Proposed Standard

The test set out in Osband required petitioner to show: (1) the information is covered by either the attorney/client privilege or work product protection, and (2) that petitioner

---

[1] Closing the hearing would involve restricting courtroom access to only the parties and counsel and sealing the hearing transcript of the closed portions and exhibits related thereto.  Respondent at one point suggests that only sealing the transcript may be sufficient in some, unidentified situations.  While respondent may raise this argument when the court considers closing specific portions of the hearing, the court currently cannot think of a situation in which this might be appropriate.  In particular, the court will not bind members of the public who may attend the hearing to the restrictions of any protective order entered in conjunction with sealing a transcript.

"may" suffer prejudice upon retrial if the information is made public. <u>Osband v. Ayers</u>, CIV S 97-0152 WBS KJM, June 13, 2008 Order at 4, 22-23. Petitioner satisfies step (2) by showing: (a) the relevance of the information he seeks to seal to an issue that may be raised on retrial, (b) the likelihood that the issue may be raised on any retrial, and (c) the prejudice he would suffer should the information be revealed. <u>Id.</u> at 23.

In his opening and supplemental briefing, respondent states that petitioner must make the following showing to justify closure of the hearing:

> (1) that any closure serves a compelling interest;
>
> (2) that a substantial probability exists that the compelling interest would be harmed (i.e., showing (i) the relevance of the particular information he seeks to seal to an issue that may be raised on retrial; (ii) the likelihood the issue would even be raised in any retrial; and (iii) the actual prejudice he could suffer should the particular information be revealed); and
>
> (3) no less restrictive alternative to closure is available.

Resp't's Mot. at 10:5-10; Reply at 2-3. According to petitioner, this is the same test established by this court in <u>Osband</u>. Pet'r's Nov. 3, 2009 Suppl. Resp. at 2:21-23. Because petitioner has stated previously that he agrees with the test set out in <u>Osband</u>, it appears the parties are in agreement. Pet'r's Aug. 19, 2009 Resp. re Open and Public Access at 5:9-12; June 19, 2009 Jt. Stmt. at 4. The fact is, however, that the test respondent proposes is not the same test. It is important at this point in the proceeding to clarify the parameters of the standard petitioner will be required to meet to establish a right to closure.

Respondent's test differs from the test set out in <u>Osband</u> because it increases petitioner's burden by requiring that petitioner show (1) a "substantial probability" of "actual" prejudice,[2] and (2) "no less restrictive alternative is available."[3]

---

[2] This higher standard for showing prejudice appears to contradict this court's statement in <u>Osband</u> that "[t]his court has recognized previously that the risk of use of information on retrial requires a certain amount of conjecture." <u>See</u> Oct. 22, 2007 Order at 5 n.2. However, as this court later said, given the risks to petitioner, and the importance of his ability to seek redress

3

Respondent has not persuaded this court that the standard he proposes should replace the standard set out in Osband.  Also, in reviewing petitioner's briefing, it should be pointed out that petitioner has not persuaded the court to reconsider its holding in Osband, that Bittaker does not require sealing of all information adduced during the evidentiary hearing that is covered by the attorney/client privilege or work product doctrine.  Osband, June 13, 2008 Order at 14-22.  The standard established in the court's June 13, 2008 and January 30, 2009 orders in Osband shall govern the court's consideration of any attempt to close portions of the evidentiary hearing to protect privileged information.

III.  Pre-Hearing Procedures

As stated previously, the court will wait until discovery has concluded to require petitioner to seek closure of portions of the hearing.  In response to petitioner's argument in favor of closure, respondent may suggest, and the court will consider, less restrictive alternatives.

Accordingly, and good cause appearing, respondent's July 20, 2009 Motion for Open and Public Access to the Entire Evidentiary Hearing is granted in part and denied in part as follows:

1. To the extent respondent's motion seeks to change the Osband standard for determining when to close the evidentiary hearing, the motion is denied.

2. To the extent respondent's motion asks the court to establish a pre-hearing briefing schedule regarding what portions of the hearing may be closed, the motion is granted. By July 30, 2010, petitioner shall file a brief describing any potential evidentiary hearing testimony he feels should be taken in a closed courtroom and just how that testimony meets the

---

for a violation of his constitutional right to counsel, "the speculative nature of petitioner's harm should not defeat his right to protect potentially harmful information, subject to the court's careful consideration of each item of information."  June 13, 2008 Order at 22 n.15.

[3] Respondent's test also states petitioner must show closure serves a "compelling interest."  Because the court finds that petitioner's rights to confidentiality under the attorney/client privilege and work product protection would meet this standard, it does not change the court's Osband test.

4

standards set out in <u>Osband</u>.  By August 4, 2010 at noon, respondent shall file a responsive brief. By August 6, 2010 at noon, petitioner may file a reply brief.

DATED:  May 14, 2010.

_____
U.S. MAGISTRATE JUDGE

riel evi hrg seal.or

5