IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES D. RIEL,

    Petitioner,                    No. CIV S-01-0507 LKK KJM

    vs.                              DEATH PENALTY CASE

WARDEN, San Quentin
  State Prison,

    Respondent.                  ORDER

_____/

        On May 19, 2010, the undersigned held a status conference. Robert Bacon, Joan Fisher, and Tivon Schardl appeared for petitioner. Paul Bernardino and Heather Gimle appeared for respondent. The parties discussed a number of pre-evidentiary hearing matters.

I. Deposition of Petitioner

        The only outstanding issue regarding the deposition of petitioner is the definition of "brain injury." See May 4, 2010 Order at 1. The parties agreed at the status conference that the term "brain injury," as used in the May 4 Order at 2:2 and 2:13, is defined as "instances of head trauma."

///

1

1  II.  <u>Method of Taking Testimony</u>

2         According to the January 22, 2010 scheduling order, the purpose of this status
3  conference was to discuss which witnesses' testimony would be taken by declaration, deposition,
4  or in court during the evidentiary hearing scheduled to begin on August 9, 2010.  On April 6,
5  petitioner provided notice of the witnesses whose direct testimony he wishes to proffer by their
6  declarations.  Respondent did not notice any witness testimony by declaration.  At the status
7  conference, respondent described his position with respect to the witnesses listed in petitioner's
8  April 6 notice, and petitioner provided his response.  Below, the court attempts to summarize
9  areas of apparent agreement of the parties, areas of dispute, and areas where questions remain.

10        A.    <u>Witnesses whose Direct Testimony is Submitted by Declaration and will not be</u>
11              <u>Subject to Cross-examination</u>

12        Respondent agreed to the submission of the following witnesses' direct testimony
13  through their declarations, lodged as appendices to petitioner's April 6, 2010 Proffer of Direct
14  Testimony by Declaration: James Berendt (App. 3), Pamela Johnson (App. 13), Sandra
15  Overstreet (App. 28), Greg Sugden (App. 30), and Frank Tennison (App. 31).  In addition,
16  respondent agreed to submit without cross-examination or challenge the Royal Rangers DVD
17  (App. 35) and the two declarations of Juanita Martin (App. 33) and Brett Kee (App. 34)
18  authenticating the DVD.

19        B.    <u>Witnesses whose Direct Testimony may be Submitted by Declaration and for</u>
20              <u>whom Respondent seeks to Submit a Declaration in lieu of Cross-examination</u>

21        Respondent agreed to submission of the direct testimony by declaration of
22  witnesses David Bailey (App. 2), David G. Cumming (App. 7), Kay Gray (App. 12), Randy
23  Newman (App. 18), and Thomas C. Pollgreen (App. 20), as long as respondent is permitted to
24  submit a second declaration in lieu of cross-examination.  Petitioner's counsel stated that he
25  could not agree to this procedure until he has seen the cross-examination declarations.
26  Respondent stated he would require three weeks to complete the declarations and provide them

to petitioner's counsel. Petitioner pointed out that the January 22 scheduling order requires all depositions in lieu of in-court evidentiary hearing testimony to be completed by July 30. Delaying a decision on whether or not these witnesses will be deposed will be prejudicial to meeting the July 30 deadline.

There is very little room for delay in the present schedule. Respondent has had the declarations of each of the witnesses in this category for years.[1] He has known since November 20, 2009 that petitioner intended to call these witnesses and that he would rely upon these declarations. He has known since January 22, 2010 that the purpose of this May 19 conference was to finalize the method for taking the testimony of each witness. Respondent has had almost six months to interview those witnesses and obtain new declarations. If respondent wishes to submit declarations in lieu of cross-examination, he shall do so within ten days of the filed date of this order.

C. <u>Witnesses Whose Direct Testimony Petitioner proposes to Submit by Declaration but Respondent has been Unable to Contact</u>

Respondent has been unable to contact the following witnesses: Peggy Ajax (App. 1), Candy Cobb (App. 5), Lori Barnhart Dutton (App. 9), and Neva S. Latham (App. 15). Petitioner's counsel was ordered to provide any phone numbers they may have for these witnesses to counsel for respondent by the close of business on May 19, 2010.

D. <u>Witnesses who Respondent Contends should Testify by Deposition</u>

For a variety of reasons, respondent contends the following witnesses must testify by deposition or in court: Geraldine Riel, Lael E. Richards, Charles R. Riel, Shannon Rivera-Sartore, Donna Schwan, Pamela Woodall, Brett Kee, Juanita Martin, Jeffrey Richards, Robert Fairbanks, Bertha Woodall Fleming, David DeChand, and Paul Naslund.

---

[1] Each of these witness declarations was submitted to the California Supreme Court with petitioner's December 1999 state habeas petition. Exs. 20, 23, 10, 21 and 19 to First State Habeas Pet., lodged herein May 23, 2003.

1       Respondent did not make clear which, if any, of these witnesses' direct testimony
2  he was willing to accept by declaration although it appears his position is that he prefers all direct
3  testimony to come in by deposition. In addition, respondent's counsel made the broad assertion
4  during the conference that all depositions should be videotaped, as long as petitioner bears the
5  cost.
6       The submission of direct testimony by declaration is a time-saving measure that,
7  particularly in a case like this, recognizes that many of these witnesses' recollections were much
8  fresher at the time they completed their declarations than they will be now. Respondent will
9  have every opportunity to test each witness's recollection and the truthfulness of his or her
10 testimony during cross-examination. The court finds that the direct testimony of all the witnesses
11 listed above in this section is not so unusual or important that it cannot be submitted by
12 declaration. Respondent has not shown otherwise.
13      The second issue here is the manner of conducting these depositions and who
14 should pay for them. Petitioner is responsible for paying for the depositions in lieu of in-court
15 testimony of his witnesses. Every deposition need not be videotaped. The parties shall meet and
16 confer in good faith regarding petitioner's proposed method of conducting each deposition, and
17 exhaust efforts to reach agreement on a method. Petitioner shall then inform the court of the
18 parties' agreements, to the extent reached, regarding the method to be used for each deposition.
19 To the extent the parties are unable to reach agreement, petitioner shall indicate the method he
20 proposes for each deposition. For each deposition for which the parties are unable to reach
21 agreement, respondent shall have an opportunity to show why that particular witness's testimony
22 is so important or his or her credibility so crucial that videotaping, rather than solely stenographic
23 recording, is necessary.
24      Respondent also agreed to depositions of Thomas and Yvonne Riel because it will
25 be difficult, or impossible, for petitioner to bring them to court. Their direct testimony shall be
26 by declaration. Their cross-examination and re-direct testimony shall be taken by deposition.

Petitioner and respondent also shall inform the court of the methods they jointly or separately propose for each of these depositions.

E.   Witnesses who Respondent contends should Testify in Court

The court agrees that because of their importance to this case, all testimony of petitioner's witnesses Joseph Berger and John Osborne shall be taken in court.

F.   Respondent's Challenge to Witness Martin Collins

According to Mr. Collins' 1992 declaration, he was a supervisor in the latent print program at the California Department of Justice ("DOJ"). He would testify about a conversation he had with Robert Dolliver, a former DOJ employee who examined evidence in this case. Respondent's apparent contention is that Mr. Collins' testimony may only be offered as impeachment to testimony of Mr. Dolliver and that because Mr. Dolliver will not testify, Mr. Collins may not either. Because the location of the beer can evidence and the actions of investigators in recording and preserving it are appropriate subjects of the evidentiary hearing, Mr. Collins' testimony may be relevant. Apr. 14, 2008 Order at 23. Respondent has not convinced the court that it should be excluded. All of Mr. Collins' testimony shall be taken by deposition.

G.   Expert Witnesses

During the conference, petitioner stated he would also like to proffer the direct testimony of his expert Charles Morton by the declaration filed on April 6, 2010 and report filed in 1995. Respondent argued that the credibility of Mr. Morton was important and all his testimony should be taken in court. The parties also discussed the availability of petitioner's expert Dr. Pablo Stewart. He is apparently unavailable during the evidentiary hearing scheduled to start on August 9. Petitioner's counsel informed the court that Dr. Stewart is available for several days during the prior week.

Petitioner's counsel indicated at one point during the conference that it was previously established that, with the exception of Mr. Morton and Dr. Stewart, his experts will

5

1   testify in court.  This court does not recall an order to that effect, and is not able to locate one on
2   the docket.  As discussed during the hearing, the court does not necessarily believe the credibility
3   of every expert is an issue requiring in-court testimony.  For example, the court does not require
4   in-court testimony from petitioner's Strickland expert David Nevin.  Mr. Nevin shall be deposed.
5         The parties shall submit further briefing on the issue of the experts' testimony.
6       H.    Trial Attorneys
7         The primary focus of the evidentiary hearing will be the conduct of petitioner's
8   trial attorneys Frank O'Connor and Russell Schwartz.  Their testimony shall be presented in
9   court.  Petitioner suggested depositions to avoid complications associated with closing the
10  hearing as set out in the court's May 17, 2010 order.  Respondent opposed this proposal.  The
11  court feels the credibility of these witnesses is sufficiently important that their testimony should
12  be taken in court.
13  III.    Date for Exchange of Exhibits
14        The parties shall exchange exhibit lists and exhibits by July 30, 2010.
15  IV.    Definition of "Rebuttal" Witnesses
16        Petitioner's counsel informed the court that they intend to file a motion in limine
17  regarding respondent's designation of rebuttal witnesses.  The court cautioned petitioner's
18  counsel that it considers Dr. Dunn to be in a different class than respondent's other rebuttal
19  witnesses and reminded counsel that the court has a good deal of latitude in considering the order
20  of evidence.  See, e.g., Rodella v. United States, 286 F.2d 306, 309 (9th Cir.1960) (cited with
21  approval in Daly v. Far Eastern Shipping Co. PLC, 238 F. Supp.2d 1231, 1238 n.2 (W.D. Wash.
22  2003), aff'd 108 Fed. Appx. 476 (9th Cir. 2004)).  The court also made clear that it intends
23  anyone testifying as a "rebuttal" witness to be limited to contradicting, impeaching or defusing an
24  opposing party's witness.  See Peals v. Terre Haute Police Dept., 535 F.3d 621 (7th Cir. 2008);
25  see also Welch v. Ely Lilly & Co., 2009 WL 700199 at *5 (S.D. Ind. 2009); American Hardware
26  Mfrs. Ass'n v. Reed Elsevier, Inc., 2009 WL 2195347 at *2-3 (N.D. Ill. 2009).

1  For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. The term "brain injury," as used in the May 4 Order at 2:2 and 2:13, is defined as "instances of head trauma."

2. The declarations of the following witnesses are admitted into evidence: James Berendt (App. 3 to Pet'r's Apr. 6, 2010 Proffer of Direct Test.by Decl.), Pamela Johnson (App. 13), Sandra Overstreet (App. 28), Greg Sugden (App. 30), Frank Tennison (App. 31), Juanita Martin (App. 33), and Brett Kee (App. 34). In addition, the exhibit entitled "Royal Rangers DVD" (App. 35) is admitted into evidence.

3. Within ten days of the filed date of this order, respondent shall file and serve any declarations he proposes for David Bailey, David G. Cumming, Kay Gray, Randy Newman, and Thomas C. Pollgreen. Within five days after service of these declarations, petitioner shall inform the court whether he is willing to accept them in lieu of live cross-examination.

4. By the close of business on May 19, 2010, petitioner's counsel shall have supplied respondent's counsel with any telephone numbers they have for Peggy Ajax, Candy Cobb, Lori Barnhart Dutton and Neva S. Latham.

5. The direct testimony of the following witnesses shall be submitted by their declarations lodged as appendices to petitioner's April 6, 2010 Proffer of Direct Testimony by Declaration: Geraldine Riel, Lael E. Richards, Charles R. Riel, Shannon Rivera-Sartore, Donna Schwan, Pamela Woodall, Brett Kee, Juanita Martin, Jeffrey Richards, Robert Fairbanks, Bertha Woodall Fleming, David DeChand, Paul Naslund, Thomas Riel, and Yvonne Riel. Cross-examination and re-direct testimony shall be by deposition. All testimony of petitioner's witness Martin Collins shall be taken by deposition. Within ten days of the filed date of this order, petitioner shall file and serve a notice informing the court of the method of recording he proposes for the depositions of each of these witnesses, which notice shall include any stipulations of the

7

parties reached through good faith meet and confer and proposed for the court's consideration. Within five days of service of that notice, respondent may file a response to any proposals for which the parties have not reached a stipulation.

      6.     All testimony of petitioner's witnesses Joseph Berger, John Osborne, Frank O'Connor and Russell Schwartz shall be taken in court. All testimony of respondent's witness Charles D. Riel shall be taken in court.

      7.     Within five days of the filed date of this order, petitioner shall: (a) identify with particularity any ruling in which the court has ruled previously that all expert testimony shall be taken in court and provide citation to that ruling; and (b) if the court did not so rule, identify which experts designated by both petitioner and respondent, other than petitioner's <u>Strickland</u> expert, he feels should testify in court and explain why. Within five days of the service of petitioner's filing, respondent may file a response.

      8.     By July 30, 2010, the parties shall exchange exhibit lists and exhibits.

DATED: May 20, 2010.

_____
U.S. MAGISTRATE JUDGE

riel pre evi hrg sts conf.or