IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES D. RIEL,

      Petitioner,                  No. CIV S-01-0507 LKK KJM

     vs.                            DEATH PENALTY CASE

WARDEN, San Quentin
  State Prison,

      Respondent.                ORDER
_____/

        The undersigned held a hearing on June 16, 2010, on petitioner's motions in limine and for discovery. Tivon Schardl, Robert Bacon, and Joan Fisher appeared for petitioner. Paul Bernardino and Heather Gimle appeared for respondent. After considering the parties' briefs and the argument of counsel, and good cause appearing, the court finds and orders as follows.

I. <u>Preliminary Matters</u>

        At the beginning of the hearing, the court raised two issues. First, the court stated it would be appropriate to record by audiovisual as well as stenographic means the in-court portion of the evidentiary hearing, to preserve testimony. The parties did not oppose audiovisual recording. Second, the court stated it was willing to revise the scheduling order to permit both in-court and out-of-court testimony to be taken after the currently scheduled August 9, 2010

evidentiary hearing date. The parties informed the court they had already been attempting to reach agreement on a proposal for a new schedule, and they have agreed to vacate the August 9 hearing date. The court ordered the parties to inform Courtroom Deputy Matt Caspar by Friday, June 18, if they require a hearing on the proposed new schedule. That hearing could be set on the court's June 23 calendar. In addition, the parties were ordered to file any stipulated proposal for a new schedule, or a description of their disagreements, by June 21.

II. Motion In Limine

Petitioner requested the court address the discovery motion before ruling on the motion in limine. Because petitioner seeks information relevant to the question raised by the motion in limine of whether or not respondent had good cause to identify sixteen of his seventeen witnesses as "rebuttal" witnesses, the court agreed, with one exception. The court will defer ruling on the motion in limine and permit petitioner to supplement that motion after he completes discovery. The court expects the parties to include a date for supplementing the motion in limine in their scheduling proposal.

The one issue in the motion in limine that can be resolved now is the admissibility of respondent's witnesses who would testify only to petitioner's post-trial activities. These witnesses are Larry Casner, Gil Polanco, Don Stieper, Marie Rodesillas, Tim Boerum and Naomi Janowitz. Respondent argued that the testimony of these witnesses would be appropriate because petitioner's experts relied upon post-trial examinations, and possibly post-trial facts, to arrive at their conclusions. Respondent's counsel also stated that he intended to cross-examine petitioner's experts about whether certain post-trial factual information would change their conclusions. Then, presumably, if the experts stated that these facts would change their conclusions, respondent would put on witnesses to demonstrate those facts and then question his own expert about them. Even examining this issue in the light most favorable to respondent, this testimony is not admissible. Respondent has insisted that all his lay witnesses who are designated as "rebuttal" should be permitted to testify because they are only "rebuttal."

However, as the court described previously, the purpose of rebuttal witnesses is to contradict or impeach an opposing party's witness. The introduction of new facts regarding petitioner's past trial activities would not qualify as rebuttal. Further, petitioner's post-trial activities are not relevant because they would not have been available at trial. Respondent has not shown otherwise.

### III. Methods For Taking Testimony

The court and counsel discussed briefly the methods for taking the testimony of expert witnesses. Because the court has not yet ruled on petitioner's motion to preclude the testimony of respondent's experts Dr. Dunn and Paulette Sutton, it is premature to determine the method for taking each expert witnesses' testimony.

### IV. Discovery

Petitioner has filed a timely motion for leave to conduct discovery. Under Rule 6 of the Rules Governing Section 2254 Cases, a party may "invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the case in the exercise of his discretion and for good cause shown grants leave to so do." Good cause exists "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief.'" Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). When this showing has been made, "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Id.

    A. <u>All evidence the prosecution would have been required to produce pursuant to Brady v. Maryland and state discovery laws</u>

The first category of discovery petitioner seeks involves the evidence the prosecution would have been required to provide to the defense had the witnesses respondent has named here been called to testify at trial. Petitioner divides this discovery into five categories, discussed below.

1. <u>All evidence from law enforcement agencies that participated in the investigation or preparation of the case that could be used to support a defense or a sentence less than death.</u>

The court finds good cause for discovery of this information. The parties appear to disagree over whether or not respondent should be required to produce documents in the possession of the Kitsap County Sheriff's Office. The court finds good cause for discovery of any documents in the possession of the Kitsap County Sheriff's Office that "could be used to support a defense or a sentence less than death" in this case. However, the court does not assume that respondent in this case has possession, custody or control of those documents. Petitioner may need to seek that discovery directly from the Kitsap County Sheriff's Office and is authorized to do so.

2. <u>Impeachment material</u>

Respondent does not object to producing impeachment materials. The court finds good cause for petitioner to discover all evidence in the possession, custody, or control of the respondent and that is both material and favorable to the accused.

3. <u>Recently recorded witness statements or reports of statements</u>

Petitioner argues that because respondent's witnesses could have been introduced at the penalty phase, petitioner is entitled to have the same discovery that the defense would have had at trial if those witnesses had testified, including the substance of statements recently recorded by respondent's counsel. Petitioner's request for discovery of the recorded statements and reports of statements relies on California Penal Code section 1054.1(f). It also is based, in part, on the "tight schedule" that was in place at the time petitioner's motion was filed, and the impossibility of conducting discovery depositions of the witnesses whose statements were recorded. Reply at 9-10. Given the parties' stipulated proposal to vacate the August 9 hearing date, the schedule is no longer so constraining.

Respondent argues that the information sought is unnecessary and irrelevant, and that the request is not appropriately narrow. He adds that the information is protected under the

work product doctrine.  Petitioner claims respondent's failure to specifically identify how work product protection applies to each responsive document means respondent has essentially waived this objection.

As a threshold matter, respondent need not provide a privilege log at this stage of the discovery proceeding.  The purpose of the present motion is determining whether or not petitioner has shown good cause for the discovery sought.  If the court finds good cause, respondent may interpose specific objections when the discovery is propounded.

Section 1054.1(f) is a state court rule of criminal procedure, which requires prosecutors to turn over to the defense "[r]elevant written or recorded statements of witnesses or reports of the statements of witnesses whom the prosecutor intends to call at the trial, including any reports or statements of experts made in conjunction with the case."  Section 1054.9, referenced by petitioner at hearing, provides for "reasonable access" to certain materials in postconviction habeas proceedings upon "a showing that good faith efforts to obtain discovery materials from trial counsel were made and were unsuccessful."  The materials covered by section 1054.9 are those "in the possession of the prosecution and law enforcement authorities to which the same defendant would have been entitled at time of trial."  Section 1054.9 has been interpreted by the California Supreme Court to focus on materials that would have been available at the time of trial.  In re Steele, 32 Cal. 4th 682, 697 (2004).  The court does not read Steele as authorizing the discovery of materials first developed by a respondent during federal postconviction habeas proceedings, particularly if those materials are not clearly exculpatory.

At this stage of proceedings, given the parties' pending stipulation to continue the August 9 hearing date, the pressure associated with preparing for that hearing is reduced.  To the extent petitioner's request is directed toward discovering the recorded statements, the request is denied. Petitioner will be allowed to depose the witnesses who provided the statements.  With respect to any reports prepared by respondent's counsel in the present case, the reports are not the same as reports or notes of the prosecution in state court.  Moreover, nothing in the record before

the court establishes that the reports bear a relationship to the question of what information petitioner would have been entitled to had these witnesses been presented in the state court proceeding. Petitioner has not shown good cause for discovery of the reports under sections 1054.1(f) and 1054.9.

####        4. Documents re witnesses Phil Colcord and Edwin Hedrick

Petitioner seeks background and personnel information regarding former sheriff's deputies Colcord and Hedrick. He has not shown good cause why any personnel records of these life history witnesses would lead to the discovery of relevant evidence. Petitioner compares this current request to the court's prior reliance in this case on Pitchess v. Superior Court, 11 Cal. 3d 531 (1974). The current request bears no resemblance to the situation in which this court previously found personnel records discoverable. There, petitioner made supported claims of error in the collection of evidence. In that situation, personnel and training records of the officers involved were likely to lead to the discovery of relevant evidence. See Nov. 18, 2003 Order at 1-5. Petitioner has made no such showing of good cause here to discover the background and personnel records of Mr. Colcord and Mr. Hedrick.

####        5. Pitchess materials regarding witnesses Casner, Stieper, and Polanco

As discussed above, the court precludes the testimony of these witnesses. Accordingly, this discovery request is moot.

### B. Notice of respondent's examination of any member of the trial defense team

Petitioner claims he requires this information to comply with this court's directive to "file a brief describing any potential evidentiary hearing testimony he feels should be taken in a closed courtroom and just how that testimony meets the standards set out in Osband." May 17, 2010 Order at 4-5. Because petitioner currently has a motion for reconsideration of the May 17 Order pending before Judge Karlton, the court will defer a ruling on this request.

/////

/////

C.  <u>Depositions and Subpoenas Duces Tecum</u>

    1.  <u>Dr. Dunn</u>

        a.  <u>Undisputed Requests</u>

Respondent does not oppose petitioner's request to depose Dr. Dunn.  The court finds good cause for that request.   Respondent does object to petitioner's request that Dr. Dunn produce certain documents.  Respondent agrees to, and the court finds good cause for,  Dr. Dunn's production of the following requested documents:

        i.  The diplomas Dr. Dunn received for his masters' and doctoral degrees, including, but not limited to, any certifications of specialization he may have received in counseling psychology.

        ii.  Documents identifying the members of the peer review committee for each publication Dr. Dunn claims was peer-reviewed.

        iii.  Documents related to Dr. Dunn's status as a visiting lecturer at Pepperdine University between 1995 and 1998.  Respondent appears to seek to limit this to documents appointing Dr. Dunn to that position.  This request is discussed further below.

        iv.  Copies of articles Dr. Dunn published in <u>Claims</u> magazine.

        v.  Copies of all documents and electronically stored information relied upon by Dr. Dunn when forming his opinions that include any notations made on or about those materials, including but not limited to notes, memoranda, e-mail, letters, articles, abstracts and any highlighting, underlining, marginalia, and interlineations that may be used to refresh the witness's recollection during the hearing.

        vi.  Copies of the declaration and CV of Daniel Martell, Ph.D., which are referred to in Dr. Dunn's list of items he considered in rendering his opinion in this case.

/////

/////

        b.  Disputed Requests

Respondent disputes petitioner's request for the following documents from Dr. Dunn:

        i.  All correspondence between Dr. Dunn and the peer reviewers. Petitioner admitted during the hearing that the issue is whether or not Dr. Dunn's articles were peer reviewed, not the contents of the peer review.  Petitioner has not shown good cause for this discovery.

        ii.  Regarding Dr. Dunn's visiting lecturer position at Pepperdine, petitioner seeks "any contract for his teaching or lecturing services during the years 1995 through 1998, any catalog of courses listing him as a visiting lecturer or instructor during the years 1995 through 1998, and any syllabus he used when teaching the classes referred to in his declaration." Because they relate to Dr. Dunn's status at Pepperdine, the court finds good cause for the discovery of these documents.

        iii.  Petitioner seeks:  "Documents reflecting the dates on which Dr. Dunn was retained by Respondent in this case, and the dates on which he received background materials, including any referral letter(s) whether electronic or on paper, and cover letters, e-mails, envelopes or airbills documenting the dates on which Respondent's counsel sent the materials referred to in Paragraph 8 of the declaration dated January 11, 2010 (Doc. 296-2)." Without deciding whether or not respondent properly identified Dr. Dunn as a rebuttal expert, the court will permit petitioner to conduct this discovery regarding whether respondent could have or should have anticipated the need to identify Dr. Dunn previously.

    2.  Robert Maloney

Mr. Maloney was the prosecutor at trial.  Respondent does not object to, and the court finds good cause for, petitioner's request to take Mr. Maloney's deposition.  Respondent objects to petitioner's request for: "Any and all correspondence between Robert Maloney and Respondent's counsel concerning the timing and content of his testimony."  Because petitioner

seeks this information directly from Mr. Maloney, it is not protected work product. The court finds good cause for its production.

While petitioner originally also requested that Mr. Maloney produce the district attorney's files, petitioner agreed that Mr. Maloney need not produce duplicate copies of anything previously provided to petitioner. If there are any documents in Mr. Maloney's possession, custody or control that are responsive to the following request and that have not been disclosed, the court finds good cause for their disclosure now: "Any and all documents in possession of Shasta County District Attorney's Office relating to crime scene photographs, sketches, evidence collection including notes, memoranda, transcripts, recordings or other item which relates to the location of beer cans at Rambo Truck Stop in Weed, California on November 3, 1986 including any memorialization of conversations with members of the Siskiyou County Sheriff's Office including but not limited to Deputy Paul Morey and/or Louis Delgado, Shasta County Sheriff's Office including but not limited to Larry Schaller and/or Detective Larry Jarrett and California Department of Justice, including but not limited to Robert Dolliver."

3. <u>Paul Morey</u>

Respondent does not oppose petitioner's request to depose Mr. Morey or the production of documents. The court finds good cause for both.

4. <u>Paulette Sutton</u>

Respondent does not oppose, and the court finds good cause for, petitioner's request to depose Ms. Sutton. The parties appear to have resolved informally any disputes regarding Ms. Sutton's production of documents.

D.  <u>Third Party Subpoenas Duces Tecum & Request for Production of Documents</u>

Respondent objects to these requests generally by arguing petitioner should have brought them earlier. This court's order permitting pre-evidentiary hearing discovery did not limit the subjects of that discovery. Jan. 22, 2010 Order at 2. Respondent also requests "reciprocal discovery." He asks that he be provided copies of all discovery petitioner receives

from these requests. Petitioner agrees to provide respondent courtesy copies of any better quality photo images petitioner obtains, as confirmed below, but otherwise objects to respondent's request.

Respondent has had the same opportunities petitioner has had to request discovery. He has not done so. To the extent respondent's request contained in his June 10 opposition to petitioner's discovery motion can be construed as a discovery motion, it is denied as untimely. See Jan. 22, 2010 Order at 2 ("By June 7, 2010, the parties shall file any discovery-related motions, except motions to compel.").

The court finds petitioner has shown good cause to issue subpoenas duces tecum or requests for production of documents for the following information from the following entities or people:

1. From the Shasta County Auditor: "Time, billing and payment records related to the work Frank O'Connor and Russell J. Swartz, and any personnel who assisted them, did on Petitioner's case that are in the possession, custody or control of the Shasta County Auditor, and documents reflecting the other case assignments to Frank O'Connor and Russell J. Swartz which were pending at any time during the period commencing November 3, 1986 (date of offense) and October 14, 1988 (date of denial of motion for new trial and sentencing)."

2. From the Shasta County Sheriff: "Records and files of the Shasta County Jail reflecting contact between trial defense personnel and Charles D. Riel, John Osborne, and Virgal Edwards including, but not limited to visiting logs, unit logs and movement logs covering the dates November 3, 1986 through October 14, 1988."

3. From the Kitsap County, Washington Sheriff: "Any and all police reports related to Al Riel, Petitioner's father."

4. From respondent: "As to any witness Respondent may call to testify or from whom Respondent may attempt to present direct testimony, including any declarants, Petitioner
/////

requests production of any and all writings that may have been or may be relied by the witness to refresh the witness's recollection."

5. From the appropriate party: "Either the original negatives or high resolution scans (2000 x 3000) of the negatives of each and every photograph taken at the scene where Edward Middleton's body was found, and either the original negative or high resolution scans (2000 x 3000) of each and every photograph of Petitioner's clothing, the victim, and the victim's clothing." The court notes that respondent does not object to this discovery. In addition, petitioner's counsel agreed that respondent's counsel should also be provided copies of these negatives or scans.

E. Interrogatories

Respondent interposes objections to each interrogatory. However, most are general statements that the interrogatory infringes on work product or "invades the province of this Court." Contention interrogatories are appropriate and the work product objection is not well taken.

> Before 1970, the courts consistently held that the work product concept furnished no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the persons from whom he or she had learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery. This has continued to be true under Rule 26(b)(3).

8 Wright, Miller & Marcus, Fed. Prac. & Proc. Civ. § 2023 (3rd ed.) (notes omitted). The court finds good cause for petitioner to propound the interrogatories attached as exhibit D to his discovery motion.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. By June 18, 2010, the parties shall inform Courtroom Deputy Matt Caspar if they require a hearing regarding proposed revisions to the scheduling order. By June 21, the parties shall file any stipulated proposal, or a description of their disagreements, for a new schedule.

1  2. A ruling on petitioner's May 19, 2010 Motion in Limine is deferred in all respects but one. Petitioner's motion is granted with respect to evidence of post-trial events. The testimony of respondent's proposed witnesses Larry Casner, Gil Polanco, Don T. Stieper, Marie Rodesillas, Tim Boerum and Naomi Janowitz is precluded at the evidentiary hearing.

3. Petitioner's May 28, 2010 motion for discovery is granted in part and denied in part as set forth above.

4. The court will determine the methods for taking the testimony of each party's experts after resolution of petitioner's motion in limine.

DATED: June 18, 2010.

_____
U.S. MAGISTRATE JUDGE

riel