IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES D. RIEL,

      Petitioner,                    No. CIV S-01-0507 LKK KJM

   vs.                             DEATH PENALTY CASE

WARDEN, San Quentin
  State Prison,

      Respondent.                 <u>ORDER</u>

_____/

       During the June 16 hearing, the parties informed the court of their agreement that the evidentiary hearing should be continued. On June 18, petitioner filed a request to modify the scheduling order. On June 21, respondent filed a response and petitioner supplemented his request.

       Petitioner requests that the court vacate the following dates in the January 22, 2010 scheduling order: (1) the July 30, 2010 deadline for completing all out-of-court testimony; (2) the August 2, 2010 pre-hearing conference; and (3) the August 9, 2010 start date for the in-court portion of the evidentiary hearing. Rather than setting new dates, petitioner requests the parties jointly propose new dates shortly after all pending issues are resolved. Respondent does

1

not object to changing these dates but asks that the court set new dates.[1]  In addition, he requests a status conference after the District Judge's resolution of the issues involving petitioner's deposition.

After reviewing the parties' filings and considering the arguments of counsel during the June 16 hearing, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. The following dates in the January 22, 2010 scheduling order are vacated:

    a. The July 30, 2010 deadline for completing depositions in lieu of in-court testimony;

    b. The August 2, 2010 pre-hearing conference; and

    c. The August 9, 2010 start date for the in-court portion of the evidentiary hearing.

In addition, the July 30, 2010 date for exchanging exhibit lists and exhibits is vacated.  See May 20, 2010 Order at 8.

2. While the remaining outstanding dates in the January 22 scheduling order stand, the court recognizes that future rulings by the District Judge or this court may require further scheduling changes.

3. By August 20, 2010, petitioner shall file any supplement to his May 19, 2010 Motion in Limine.  By September 3, 2010, respondent shall file a response.  By September 10, 2010, petitioner shall file any reply.

4. The court recognizes that the following issues must be resolved before a new schedule for taking testimony can be set: (a) petitioner's request for reconsideration regarding sealing portions of the evidentiary hearing (docket no. 365); (b) the methods for taking expert witness testimony (see docket no. 391 at 3:7-10); (c) petitioner's May 19, 2010 motion in limine

---

[1] In his response, respondent mentions the July 2 deadline for filing non-discovery pre-hearing motions as a remaining date.  However, he does not ask that it be continued.  In the absence of a request to change it, the court assumes the parties are in agreement that the July 2 deadline should remain.

(docket no. 358); and (d) petitioner's request to add Drs. Froming and Miora as rebuttal witnesses (docket no. 377). In addition, before scheduling testimony, the parties will require resolution of petitioner's request for reconsideration regarding the scope of petitioner's deposition (docket no. 373). Within five days of final resolution of all these issues,[2] petitioner shall inform the court that the issues have been resolved and propose a deadline for the parties to file a joint proposal for a new schedule for taking evidence.

     5. Respondent has not shown that the parties will be unable on their own to set a date for petitioner's deposition after the District Judge resolves petitioner's motion for reconsideration on the scope of that deposition. If the parties require assistance at that time, respondent may make an appropriate request.

DATED: June 22, 2010.

_____
U.S. MAGISTRATE JUDGE

riel sch am.or

---

[2] By "final resolution" the court means either the District Judge's order on any motion for reconsideration or this court's order after the time for moving for reconsideration has lapsed without either party seeking reconsideration.