IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES D. RIEL,

    Petitioner,                    No. CIV S-01-0507 LKK KJM

    vs.                                 DEATH PENALTY CASE

WARDEN, San Quentin State Prison,

    Respondent.                 <u>ORDER</u>

_____/

        In the November 5, 2010 order, the court reserved one issue regarding limitations on the testimony of respondent's expert Paulette Sutton. Petitioner had moved to exclude Ms. Sutton's testimony that some blood may have ended up on petitioner's clothing when the victim was stabbed. Petitioner argued this testimony was inappropriate because it amounts to a new theory of the case. However, in his written motion, petitioner did not make clear just what he contended amounted to a new theory.[1] See Docket Nos. 404 at 5-6 & 432 at 10-11. During oral argument on the motion, petitioner's counsel explained that the prosecutor's theory at trial

---

[1] Petitioner states that Ms. Sutton "develops the theory, which she acknowledges is contrary to the prosecution theory at trial, that Mr. Riel could have been involved in the stabbing or standing by when Edwards and John Osborne stabbed the victim. Sutton Report at ¶¶ 10-12." The undersigned is unable to find any acknowledgment by Ms. Sutton that a theory that placed Mr. Riel near the stabbing was "contrary to the prosecution theory at trial."

1

placed petitioner in the car during the stabbing. Tr. of Sept. 1, 2010 Hr'g (Docket No. 453) at 8-9. Petitioner argued respondent's expert should not be permitted to testify to a theory that conflicts with the prosecutor's trial theory. Id. Petitioner's support for his description of the prosecution's trial theory was his counsel's statement during oral argument that he believed prosecution witness Virgal Edwards testified petitioner was in the car during the stabbing. Id.

To permit the court to consider petitioner's motion in limine, the court asked petitioner to provide a citation to support his statement about Virgal Edwards' testimony. Order (Docket No. 443) at 14. On December 1, 2010, petitioner filed a notice stating, "Mr. Edwards did not testify that Mr. Riel was in the car when the stabbing purportedly took place." See Docket No. 452. With that clarification, the court will now consider the remaining issue in petitioner's July 2, 2010 motion to limit Ms. Sutton's testimony.

Petitioner's forensic expert Charles Morton stated he was asked to "render an opinion on the probative value, if any, of the blood stains on Mr. Riel's pants and boots in determining whether Mr. Riel's or Virgal Edwards' testimony accurately reflects the course of events."[2] Pet'r's 1999 State Habeas Pet. (lodged herein May 23, 2003), Ex. 30. Mr. Morton felt the stains were consistent with petitioner's testimony because they showed blood smearing as opposed to blood spattering and because of the location of the smear on the pants. Id. Ms. Sutton's opinion that the blood may have splattered on petitioner's clothing during the stabbing is appropriate rebuttal to Mr. Morton's opinion. Report of T. Paulette Sutton (Docket No. 349) ¶¶ 10-12. To arrive at that opinion, she did not consider information that was not available to Mr. Morton. Further, petitioner has not shown Ms. Sutton based her opinion on a new theory.

////
////
////

---

[2] Mr. Riel testified he did not participate in killing the victim but only helped move the body. Mr. Edwards testified that petitioner hit the victim in the head with a tire iron.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED that petitioner's July 2, 2010 request to prevent Ms. Sutton from testifying to the information at paragraphs 10, 11, and 12 of her May 5, 2010 Report (Docket No. 349) is denied.

DATED: December 7, 2010.

_____
U.S. MAGISTRATE JUDGE

riel mtn in lim supp.or

3