IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES D. RIEL,

    Petitioner,               No. CIV S-01-0507 LKK DAD (TEMP)

    vs.                           DEATH PENALTY CASE

WARDEN, San Quentin
State Prison,

    Respondent.              ORDER

                                /

Petitioner's Motion to Take Testimony of Joseph Berger Outside of Court Without Further Delay came on for hearing March 11, 2011 before the undersigned. Joan Fisher appeared for petitioner. Heather Gimle and Tami Krenzin appeared for respondent. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, the court will grant petitioner's motion.

Petitioner bases his motion to expedite the taking of Mr. Berger's testimony solely on Mr. Berger's seventy-six years of age. Courts have recognized advanced age as a basis to preserve testimony. E.g., Penn Mutual Life Ins. Co. v. United States, 68 F.3d 1371, 1375 (D.C. Cir. 1995) (Witness's age of eighty-one years "presents a significant risk that he will be unavailable to testify by the time of trial."). Respondent distinguishes the cases relied upon by

petitioner, arguing that the courts in those cases were considering the perpetuation of testimony in advance of litigation, unlike the present pending case in which an evidentiary hearing could very well be held within the next year.  As respondent concedes, however, there is no assurance the in-court portion of the evidentiary hearing will occur within the next year since that will depend upon both the resolution of two pending motions for reconsideration and the completion of petitioner's deposition.  In addition, whether this case remains assigned to the undersigned magistrate judge or it is re-assigned upon the appointment of a new magistrate judge in this district, the scheduling of any in-court evidentiary hearing will depend upon the then-assigned judge's availability.

This court finds Mr. Berger's age, his undisputed importance as a percipient witness to many events that form the bases of petitioner's ineffective assistance of counsel claims, and the uncertainty regarding when the in-court portion of the evidentiary hearing in this action will commence, amount to good cause to permit petitioner to depose Mr. Berger for the purpose of preserving his testimony.  This order is, however, subject to several caveats.  First, the deposition will not serve as a substitute for Mr. Berger's appearance at the in-court evidentiary hearing in the event he is available to testify at that time.  Rather, either party will be permitted to call Mr. Berger to testify during the in-court portion of the evidentiary hearing.  Second, the use of Mr. Berger's deposition testimony at the in-court evidentiary hearing testimony will be subject to respondent's objections.  Third, if Mr. Berger testifies at the in-court portion of the evidentiary hearing, respondent is free to use Mr. Berger's deposition testimony in any way he sees fit, including for purposes of impeachment.

Since it is not clear this court will preside over this case after a new magistrate judge is appointed, and since the purpose of this motion is only to preserve Mr. Berger's testimony in the event he is unable to testify at a later date, this court does not find in-court proceedings necessary.  The undersigned will, however, make himself available to rule on objections during the course of the deposition.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Petitioner's February 3, 2011 Motion to Take Testimony of Joseph Berger (Doc. No. 463) is granted;

2. Mr. Berger's deposition shall be recorded both stenographically and by audiovisual means. The parties shall schedule the deposition in coordination with Courtroom Deputy Pete Buzo so that the undersigned may be available to rule on any objections raised during the deposition by telephone, if necessary. Mr. Buzo may be reached at 916-930-4128.

DATED: March 16, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

riel01cv0507.o.0315