IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES D. RIEL,

    Petitioner,      No. CIV S-01-0507 LKK DAD

    vs.      DEATH PENALTY CASE

WARDEN, San Quentin
State Prison,

    Respondent.      <u>ORDER</u>

_____/

    Respondent objects to petitioner's notice of taking the deposition of Vonnie Riel. For the reasons set forth below, this court finds that Ms. Riel's deposition should go forward to preserve her testimony.

    In 2009, the court granted in part petitioner's motion for an evidentiary hearing. (Doc. Nos. 204, 212.) Petitioner has identified Ms. Riel, his mother, as one of his witnesses in support of his claims of ineffective assistance of counsel. (Doc. No. 282.) During a May 19, 2010 status conference, respondent agreed to petitioner's request that Mr. and Ms. Riel's testimony be taken by deposition "because it will be difficult, or impossible, for petitioner to bring them to court." (Doc. No. 359 at 4.) The court ordered Ms. Riel's direct testimony be obtained by declaration and that her cross-examination and re-direct examination be conducted

1

1  by deposition.  (Id.)  On July 6, 2010, petitioner filed a statement regarding scheduling the out-
2  of-court testimony of lay witnesses.  (Doc. No. 407.)   Among other things, petitioner requested
3  that Ms. Riel be one of the first witnesses examined.  (Id.)  Petitioner's counsel represented that
4  petitioner's mother was 71 years old and "has multiple serious health problems."  (Id.)  On
5  August 18, 2010, petitioner noticed Ms. Riel's testimony deposition for September 14.  (Doc.
6  No. 430.)  Apparently, that deposition did not take place.

7       On April 4, 2011, the United States Supreme Court issued an opinion in Cullen v.
8  Pinholster, ___U.S.___, 131 S. Ct. 1388 (2011).  After Pinholster, when a state court decides a
9  habeas claim on the merits, the federal court's inquiry under 28 U.S.C. § 2254(d)(1) is limited to
10 the record that was before the state court.  131 S. Ct. at 1398.  Shortly thereafter, this court
11 ordered the parties to brief the impact of the recent decision Pinholster on these proceedings.
12 (Dkt. No. 485.)  They have done so.  (Doc. Nos. 489, 490.)  Oral argument on the issue is
13 scheduled for November 16, 2011.  (Doc. No. 501.)

14       On September 30, 2011, petitioner filed a "Notice of Taking Deposition to
15 Preserve Testimony of Vonnie Riel."  (Doc. No. 498.)  The deposition is noticed for November
16 15, 2011.  (Id.)  Respondent objects to the deposition.  (Doc. No. 500.)  Respondent argues that
17 the deposition may be a waste of time and resources because, after the decision in Pinholster, the
18 court may be unable to consider Ms. Riel's testimony.  Petitioner makes a number of arguments
19 in response.  (Doc. No. 503.)  Primarily, and most importantly, petitioner argues that Ms. Riel's
20 deposition is necessary to preserve her testimony.

21       Petitioner has shown that Ms. Riel is elderly and in poor health.  (Oct. 18, 2011
22 Decl. of Paul Mann, Ex. to Doc. No. 503.)  Counsel for petitioner has stressed those issues and
23 concerns in the past, and respondent has not objected thereto.  There is no question that Ms. Riel
24 is a key witness regarding petitioner's background, an important aspect of petitioner's claim that
25 his "counsel was ineffective for failing to pursue evidence related to petitioner's family and
26 socio-medical history and his organic, developmental, psychological, and alcohol-related

1  impairments." (Doc. No. 204 at 13.)

2  The Supreme Court in <u>Pinholster</u> did not bar this court from taking evidence in a
3  federal habeas corpus proceeding. <u>See</u> 118 S. Ct. at 1411 n. 20 ("[W]e need not decide . . .
4  whether a district court may ever choose to hold an evidentiary hearing before it determines that
5  § 2254(d) has been satisfied.") Petitioner is not asking the court to consider Ms. Riel's
6  testimony when it considers whether or not petitioner has satisfied 28 U.S.C. § 2254(d). At this
7  point, petitioner is only asking that he be allowed to preserve Ms. Riel's testimony. The court
8  finds petitioner has shown good cause for doing so. <u>See</u> <u>Penn Mutual Life Ins. Co. v. United</u>
9  <u>States</u>, 68 F.3d 1371, 1375 (D.C. Cir. 1995) (permitting deposition of elderly witnesses to
10 preserve testimony).

11 Accordingly, petitioner's noticed deposition of Ms. Riel may go forward.
12 Respondent's objections thereto are rejected.
13 IT IS SO ORDERED.
14 DATED: October 19, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

19 riel vr depo.or

3