UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES D. RIEL,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, San Quentin State Prison,<br><br>Respondent. | No. 2:01-cv-00507-MCE-DB<br><br>**ORDER** |

Petitioner Charles D. Riel ("Petitioner") seeks reconsideration of the magistrate judge's order ("Order"), ECF No. 348, defining the scope of Respondent's proposed deposition of Petitioner. Petitioner objects to being deposed altogether or, in the alternative, requests that the scope of his deposition be narrowed (EFC No. 373).

In reviewing a magistrate judge's determination, the assigned judge shall apply the "clearly erroneous or contrary to law" standard of review set forth in Local Rule 303(f), as specifically authorized by Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636 (b)(1)(A).[1] Under this standard, the Court must accept the Magistrate Judge's decision unless it has a "definite and firm conviction that a mistake has been committed."

---

[1] Federal Rule of Civil Procedure 72(a) directs the district court judge to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Similarly, under 28 U.S.C. § (b)(1)(A), the district judge may reconsider any pretrial order "where it is shown that the magistrate's order is clearly erroneous or contrary to law."

1

Concrete Pipe & Prods. Of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal., 508 U.S. 602, 622 (1993). If the Court believes the conclusions reached by the Magistrate Judge were at least plausible, after considering the record in its entirety, the Court will not reverse even if convinced that it would have weighed the evidence differently. Phoenix Eng. & Supply Inc. v. Universal Elec. Co., Inc., 104 F.3d 1137, 1141 (9th Cir. 1997).

In a habeas case like this one, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rules Governing § 2254 Cases, Rule 6(a), 28 U.S.C.A foll. § 2254. As the Advisory Committee Notes to Rule 6(a) recognize, the Rule "contains very little specificity as to what types and methods of discovery should be available to the parties in a habeas petition." Id. at Advisory Committee Nots. The Notes further explain that the purpose of Rule 6(a) is to let "district court judges fashion their own rules in the context of individual cases." Id. The scope and extent of such discovery in federal habeas corpus cases is consequently a matter confined to the discretion of the court. Bracy v. Gramley, 520 U.S. 899, 909 (1997).

In this case, the Magistrate Judge permitted Respondents to depose Petitioner concerning his leadership qualities, learning abilities, and alcohol use insofar as they affected the guilt phase of Petitioner's trial. The Magistrate Judge found that questioning relevant in addressing the issues of: (1) what information should Petitioner's trial counsel have gathered to support Petitioner's assertions that he was not the leader of the group and was asleep due to substantial alcohol consumption during the commission of the murder, and (2) whether the absence of that information at trial prejudiced petitioner.

Petitioner argues that the Magistrate Judge allowed for a deposition that is broader than permitted by Rule 6(a) and its interpretive guidelines. As the Supreme Court recognized in Bracy, however, the scope of discovery is a matter falling squarely within the discretion of the court. 520 U.S. at 909. Additionally, the Magistrate Judge did in fact implement conditions to narrow the deposition and protect Petitioner, including

| | |
|---|---|
| 1 | but not limited to: (1) limiting questions to the subject matter and guilt phase, (2) applying |
| 2 | a protective order, (3) permitting Petitioner to consult with counsel and (4) making the |
| 3 | court reasonably available to address objections on the spot. |
| 4 | Upon review of the entire file, the Court finds that the Magistrate Judge's |
| 5 | discovery ruling was not clearly erroneous or contrary to law. Petitioner's Motion for |
| 6 | Reconsideration (EFC No. 373) is consequently DENIED. |
| 7 | IT IS SO ORDERED. |
| 8 | Dated: September 18, 2018 |

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE