1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   CHARLES D. RIEL,                      No.  2:01-cv-0507 MCE DB
12              Petitioner,               DEATH PENALTY CASE
13        v.
14   WARDEN, San Quentin State Prison,     ORDER
15              Respondent.
16
17        On June 19, 2020, the undersigned held a status conference and heard argument on
18   petitioner's motion to vacate the order granting respondent the right to depose petitioner.  Bob
19   Bacon and Carrie Ward appeared for petitioner.  Heather Gimle appeared for the respondent.  For
20   the reasons set forth below, the court will direct the parties to submit a joint statement and deny
21   the motion to vacate.

22                    **PETITIONER'S MOTION TO VACATE**

23   **I.      Background**

24        In 2009, this action was proceeding toward an evidentiary hearing on claims 2, 5, 6, and 9
25   of petitioner's amended petition.  In preparing for the hearing, respondent sought to depose
26   petitioner.  Petitioner was opposed to allowing respondent to take Mr. Riel's deposition.  The
27   magistrate judge then assigned to this action ruled that good cause existed for respondent to
28   depose petitioner and left unresolved issues related to petitioner's assertion of the Fifth

                                        1

1 Amendment, other anticipated objections, and proposals related to the conduct of the deposition.

2 (ECF No. 252.)

3      Thereafter, petitioner moved for reconsideration of the order granting petitioner the right

4 to depose petitioner.  (ECF No. 262.)  The district judge then assigned to the case denied the

5 motion for reconsideration.  (ECF No. 307.)  Before the deposition took place, the Supreme Court

6 issued rulings in <u>Harrington v. Richter</u>, 562 U.S. 86 (2011) and <u>Cullen v. Pinholster</u>, 563 U.S. 170

7 (2011).[1]  The evidentiary hearing was put on hold while the parties filed briefing regarding the

8 impact of <u>Pinholster</u> on petitioner's case.

9      Following the briefing, the magistrate then assigned to the case, issued Findings and

10 Recommendations recommending that petitioner me the requirements of § 2254(d) as to claim 2

11 and claim 5.  (ECF No. 550.)  Those recommendations were later adopted in full by Judge

12 England, the district judge presently assigned to the case.  (ECF No. 568.)  Now that the case is

13 again proceeding toward an evidentiary hearing, petitioner filed the instant motion to vacate the

14 court's giving respondent the right to depose petitioner.  (ECF No. 590.)

15 **II.**    **The Parties' Arguments**

16     **A. Petitioner's Motion and Arguments**

17      It is petitioner's position that because the claims to be addressed in the evidentiary hearing

18 have been narrowed, that good cause no longer exists to depose petitioner.  (ECF No. 590.)

19 During the hearing counsel strongly argued that Respondent has not shown a factual or legal basis

20 that supports the need to depose petitioner.  Counsel also argued that his rights under the Fifth

21 Amendment could be violated during the deposition.  Petitioner further argued that the

22 information sought by respondent can be obtained through review of various documentary and

23 other evidence already in respondent's possession.  (ECF No. 593 at 5.)

24 *////*

---

25 [1] The Court's decisions further reduced the ability of habeas petitioners to challenge state court
26 decisions as unreasonable.  Specifically, <u>Richter</u> held that if a state court issues a decision without
explaining its reasoning the federal court must envision any reasonable rationale the state court
27 might have applied and then defer to it.  In <u>Pinholster</u> the court held that in determining whether a
state court decision is reasonable, federal courts must limit their review to the evidence that was
28 available to the state court.

**B. Respondent's Opposition and Arguments**

It is respondent's position that good cause still exists to depose petitioner. Specifically, respondent asserts that because petitioner claims that trial counsel failed to sufficiently investigate and present evidence regarding petitioner's background, including his "Organic, Developmental, Psychological, and Alcohol-Related impairments," that petitioner necessarily has relevant information. (ECF No. 591.)

Respondent argued at the hearing that the other sources of information pointed to by petitioner could contain authentication and hearsay issues. Respondent further claims that it should be able to ask Mr. Riel about statements he made to his defense team and the various experts.

**III.   Legal Standards**

Parties in a habeas proceeding are not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rather, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure, if and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6, Rules Governing § 2254 Cases. Good cause is shown by the presentation of "specific allegations" demonstrating the need for the discovery. Cf., Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). The Ninth Circuit has held that discovery is proper where essential to resolution of a claim. Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997).

The scope and extent of the discovery permitted under Rule 6(a) is a matter confined to the discretion of the district court. See Bracy, 520 U.S. at 909; see also McDowell v. Calderon, 197 F.3d 1253, 1255-56 (9th Cir. 1999) (en banc) (finding the district court's imposition of a protective order limiting the use of discovered materials should be upheld as not an abuse of discretion).

The Advisory Committee Notes on Rule 6 of the Rules Governing Section 2254 Proceedings, Rule 6(c) "specifically recognizes the right of the respondent to take the deposition of the petitioner." Good cause exists for allowing the deposition of a petitioner in a capital

3

1  habeas case where he has alleged ineffective assistance of counsel for failing to investigate his

2  family background in preparation for the penalty phase.  Bean v. Calderon, 166 F.R.D. 452, 456

3  (E.D. Cal. 1996).   Petitioner may invoke the Fifth Amendmendment during the deposition.

4  "[H]owever, the court may draw an adverse inference from its invocation if the questions to

5  which the privilege is asserted directly relate to an allegation made by petitioner in his verified

6  petition, and the questions are not otherwise objectionable." Id. at 454.  Before deciding whether

7  a petitioner is entitled to discovery under Rule 6(a), the court must first identify the essential

8  elements of the underlying claim.  Bracy, 520 U.S. at 904.

9  **IV.    Discussion**

10  Upon review of the motions and the documents in support and opposition, as well as the

11  parties' oral arguments, the court finds that good cause exists to allow respondent to depose

12  petitioner, Mr. Riel.

13  "The Supreme Court has on several occasions indicated that at an evidentiary hearing the

14  actual information relayed by petitioner to his counsel is critical in habeas corpus actions." Bean,

15  166 F.R.D. at 456-57.

16  The reasonableness of counsel's action may be determined or
substantially influenced by the defendant's own statements or action.
Counsel's actions are usually based, quite properly, on informed
strategic choices made by the defendant and on information supplied

17
by the defendant. In particular, what investigation decisions are

18
reasonable depends critically on such information . . . In short,
inquiry into counsel's conversations with the defendant may be

19
critical to a proper assessment of counsel's other litigation decisions.

20  Strickland v. Washington, 466 U.S. 668, 691 (1984).  See also Burger v. Kemp, 483 U.S. 776,

21  794-95 (1987).

22  Additionally, the Ninth Circuit has recognized that a habeas petitioner who raises claims

23  of ineffective assistance of counsel waives the attorney/client privilege for information that is

24  relevant to those claims.  Bittaker v. Woodford, 331 F.3d 715, 716 (2003).  However, the court

25  further recognized that the scope of the waiver extends only to litigation of the federal habeas

26  petition, rather than a waiver "for all time and all purposes—including that possible retrial of the

27  petitioner." Id. at 717, 722-23.  Since Bittaker, courts have typically issued protective orders that

28

4

"restrict the identity of those working for the state who may have access to the documents and prohibit the use of the documents on any retrial should the petitioner be successful on habeas." Ervine v. Warden, 214 F.Supp.3d 917, 920 (E.D. Cal. 2016).

Petitioner alleges in claim 2 that his trial counsel was ineffective for failing to investigate and present substantial evidence regarding petitioner's organic, developmental, psychological, and alcohol-related impairments, and in failing to prepare and consult with qualified experts about these issues.   Because petitioner's background is at issue, he necessarily has information that is relevant to this claim.  Bean, 166 F.R.D. at 456.  Additionally, statements made to counsel and/or experts may be relevant to attain a proper assessment of trial counsel's litigation tactics.

Petitioner argued that statements made by Mr. Riel during the course of the deposition could have a negative impact in any future state resentencing proceedings.  This argument supports the imposition of a protective order, but fails to defeat the showing of good cause.  The court will provide the parties with the opportunity to submit briefing regarding the issuance of a protective order and any other issue regarding the conduct of the deposition, including the scheduling of the deposition at a time when the undersigned is available by phone to issue rulings on any objections that may arise during the deposition.

**STATUS CONFERENCE**

After hearing argument on petitioner's motion to vacate, the court held a status conference.  The parties indicated that there are a number of issues yet to be resolved before the evidentiary hearing takes place.  Accordingly, the court will direct the parties to meet and confer regarding the following issues: (1) identification of any issues that need to be resolved before the evidentiary hearing; (2) taking testimony from out of state witnesses; (3) and rescheduling the evidentiary hearing.  Counsel shall file a joint statement reflecting their discussion, including points of agreement and any disagreement on these matters.

////

////

////

////

5

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion to vacate the order granting respondent's motion to depose petitioner (ECF No. 590) is denied.

2. Within sixty days of the date of this order the parties may submit briefing on the issuance of protective orders or any other objections anticipated during his deposition and any proposals for the conduct of the deposition.

3. Within sixty days of the date of this order, the parties shall file a joint statement regarding the three issues identified above.

Dated:  July 7, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/orders-capital/riel.depo

6