UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES D. RIEL,<br><br>   Petitioner,<br><br>   v.<br><br>RON BROOMFIELD, Warden,<br>California State Prison at San Quentin,<br><br>   Respondent. | No. 2:01-cv-00507-MCE-DB<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER** |

Petitioner, a state prisoner under sentence of death, seeks relief through an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In bringing the present Request for Reconsideration (ECF No. 602), Petitioner asks this Court to reverse the Magistrate Judge's July 8, 2020 Order (ECF No. 600) which denied Petitioner's Motion (ECF No. 590) to vacate the order giving Respondent the right to depose Petitioner.  The Magistrate Judge also directed the parties to submit a joint statement concerning the conduct of said deposition and any subsequent evidentiary hearing.

In reviewing a magistrate judge's determination, the assigned judge shall apply the "clearly erroneous or contrary to law" standard of review set forth in Local Rule 303(f), as specifically authorized by Federal Rule of Civil Procedure 72(a) and

28 U.S.C. § 636(b)(1)(A).[1]  Under this standard, the Court must accept the Magistrate Judge's decision unless it has a "definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal., 508 U.S. 602, 622 (1993).  If the Court believes the conclusions reached by the Magistrate Judge were at least plausible, after considering the record in its entirety, the Court will not reverse even if convinced that it would have weighed the evidence differently.  Phoenix Eng. & Supply Inc. v. Universal Elec. Co., Inc., 104 F.3d 1137, 1141 (9th Cir. 1997).

After reviewing the entire file, this Court cannot say that the Magistrate Judge's decision outlined above were clearly erroneous.  As the Magistrate Judge noted, Petitioner argues that his trial counsel was ineffective in failing to investigate and present substantial evidence regarding Petitioner's organic, developmental, psychological, and alcohol-related impairments, and in failing to prepare and consult with qualified experts. Given those concerns, and the fact that Petitioner's own background in this regard was consequently at issue, the Magistrate Judge reasonably concluded that Petitioner would have relevant information.  The Ninth Circuit has noted that good cause exists for allowing the deposition of a petitioner in a capital case where the petitioner has alleged ineffective assistance of counsel for failing to investigate the petitioner's family background.  Bean v. Calderon, 166 F.R.D. 452, 466 (E.D. Cal. 1996).

In addition, while true that Petitioner may raise Fifth Amendment concerns of self-incrimination during such a deposition, the Magistrate Judge recognized that a protective order to guard against any such potentiality was proper, with the Magistrate Judge expressing willingness to be available by phone during the deposition to rule upon objections in that regard that might arise.  See Order, ECF No. 600, 5:10-16.  Finally, the parties themselves appear to have resolved this concern by agreeing in their

---

[1] Federal Rule of Civil Procedure 72(a) directs the district court judge to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Similarly, under 28 U.S.C. § 636(b)(1)(A), the district judge may reconsider any pretrial order "where it is shown that the magistrate's order is clearly erroneous or contrary to law."

September 8, 2020 Joint Statement (ECF No. 603) that a prior protective order pertaining to the scope of Petitioner's deposition would be sufficient, and by further agreeing that the Magistrate Judge would indeed be available to rule upon objections during Petitioner's deposition.  See id. at 2:1-5.

    For all these reasons, Petitioner's Request for Reconsideration (ECF No. 602) is DENIED.

    IT IS SO ORDERED.

Dated:  March 22, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE